SAM RICHARDS ET AL. V. ANNIE MINSTER ET AL.

Decided May 16, 1902.

**1.—Divorce—Action to Set Aside.**

Where in a divorce suit the defendant knew of its institution, and a citation, issued on the original petition, was served on him and explained to him, and he knew of the decree twenty days after it was rendered, he was not entitled to maintain a suit to set aside the decree for fraud, his remedy being by appeal, although the case was tried on an amended petition, which did not set up a new cause of action, and notice of which was not served on him.

**2.—Practice on Appeal—Parties with Adverse Interests.**

Where the interests of plaintiff and an intervener are adverse, the former can not complain of errors which affected only the rights of the latter.

**3.—Same—Briefs—Intervener.**

See case where the appellant and an intervener whose interests were adverse to each other, though common as against the appellee, were permitted to file a joint brief, although the propriety of such practice is doubted.

**4.—Trial—Submission of Issue—Charge.**

Where the pleading and evidence raised the issue of fraud and the court was requested to submit such issue, it was error not to submit it, although it should not have been submitted in the form requested.

Error from Harris. Tried below before Hon. Charles E. Ashe.

*F. F.* and *E. T. Chew,* for plaintiffs in error.

*Eldon Brown* and *Dan H. Triplett,* for defendants in error.

PLEASANTS, ASSOCIATE JUSTICE.—Plaintiff in error Sam Richards brought this suit to set aside a judgment of divorce and partition of property rendered by the District Court of Harris County on the 3d day of July, 1899, in a suit in said court styled Mollie Richards v. Sam Richards, also to cancel a deed from said Mollie Richards to the defendant Annie Minster conveying the property set apart to said Mollie by said judgment, and to recover of the defendants Annie Minster and Fred

Minster the title and possession of said property which is alleged to have been fraudulently acquired by the defendants. The petition alleges that at the time said divorce and partition decree was rendered the plaintiff was living happily with his wife, the said Mollie Richards, and did not know that she had applied for divorce; that no citation was served on him in said suit and he knew nothing of the divorce and partition decree until some time after the same was rendered, when suit was brought against him by the defendants to eject him from the possession of the property in controversy in this suit; that he was married to his said wife in 1866 and lived with her continuously upon the property in question until her death in September, 1899, and knew nothing of the judgment for divorce until after her death; that his wife died intestate and without issue; that the property in question was purchased by plaintiff with his separate means; that the defendants knew that his said wife had no grounds for divorce, but for the fraudulent purpose of obtaining possession of the property they induced her to institute suit for divorce against plaintiff; that at the time said suit was brought and for a number of years prior thereto his wife worked for defendants; that she was old and infirm, of weak mind and easily persuaded, and was incapable of attending to any kind of business; that while working for defendants at their place of business, where liquors are sold, she had acquired intemperate habits and was mentally impotent and a physical wreck; that he heard his wife had a suit in court, and he asked the defendant Fred Minster if it was necessary for him to attend the court, and was told that he need not, that he (Minster) would attend to the matter for his wife; that relying upon this statement of said defendant he gave the matter no further attention; that Fred Minster was one of the commissioners appointed by the court to partition the property of plaintiff and his said wife under said divorce and partition decree, and was the only commissioner who acted in making said partition; that Minster prepared a report of said partition and procured the signature thereto of another of the commissioners, who did not examine the property and only signed the report on the representation that the partition thereby shown was fair and equitable; that the portion of said property set apart to said Mollie Richards by said report which was approved by the court was double the value of that set apart to plaintiff; that a few days after said judgment was rendered the defendants induced said Mollie Richards to execute a deed conveying to Annie Minster the land set apart to said Mollie by the partition decree; that the partition was made without the knowledge of plaintiff, and that he knew nothing of the execution of said deed by his wife until a long time thereafter. The prayer is for a cancellation of said judgment and deed, and that plaintiff recover said property and be quieted in his title and possession of same.

James A. Openshaw, administrator of the estate of Mollie Richards, intervened in the suit and claimed the land in controversy as against both the plaintiff and defendants, alleging that the property partitioned

in said divorce suit was the community property of plaintiff and Mollie Richards, and if said divorce and partition decree should be held valid that he was entitled to recover the land set apart to said Mollie Richards; that the deed from Mollie Richards to Annie Minster was procured by fraud and that no consideration had been paid for said property; that the amount promised by the defendants to be paid for said land was not more than one-half of its value; that the mind of said Mollie Richards was at the time of the execution of said deed so impaired by disease and the use of intoxicating liquors as to render her incapable of making a valid contract; that defendants concealed from said Mollie the true value of the property; that Mollie Richards died a few days after the date of said deed, and at the time of her death she had no money in her possession nor any promissory note evidencing any indebtedness of defendants; and that diligent search had been made for such note and same could not be found. Intervener further alleges that the pretended note claimed to have been given said Mollie Richards by the defendants was secured by a vendor's lien retained in said deed, and though long since matured is unpaid, and asks that he be permitted to rescind the contract of sale and recover title to the land upon payment by him to the defendants of such sum as they may be shown to have paid on said land. He also prays in the alternative for the recovery of $250, the purchase money for the land as recited in the deed, and for foreclosure of his vendor's lien to secure payment of same.

The defendants answered by general and special exceptions to the pleadings of plaintiff and intervener, general denial, and plea of not guilty, and in answer to petition of intervener pleaded specially that they paid to the said Mollie Richards the sum of $100 in cash upon the delivery of said deed and gave their note for $150; that said note is a negotiable note and defendants do not know who now holds the same; that they have paid in merchandise and for medical bills and expenses of the last sickness of said Mollie Richards all of said note except the sum of $13, which amount they are ready and willing to pay as soon as it is known to whom same is due.

The case was submitted to a jury upon special issues, and in response to the questions submitted by the court the jury found that the plaintiff was served with citation on the original petition filed by Mollie Richards in the suit for divorce; that said suit was tried on an amended petition on which no citation was issued to plaintiff and that plaintiff had no actual knowledge of the rendition of said divorce and partition decree at the time same was rendered and did not know of same until twenty days thereafter; that the amended petition in said divorce suit changed the original petition very little and did not set up a new cause of action; that Mollie Richards executed the deed to defendant Annie Minster for the land in controversy on July 18, 1899, in consideration of $100 in cash, which was paid to her by the defendants, and a note for $150, signed by Annie Minster, payable in installments of $10 on the first of each month after the execution of said deed; that said note was

lost by Mollie Richards and is not now in the possession of the intervener, and that the property partitioned in said divorce suit was community property of plaintiff and said Mollie Richards.

Upon these findings of the jury the court below rendered judgment in favor of the defendants, that plaintiff and intervener take nothing by their suit, and defendants recover their costs and be quieted in their title and possession of the land sued for.

The findings of the jury before set out were fully sustained by the evidence and are not challenged by plaintiff in error. It was conclusively shown by the evidence that plaintiff had full knowledge of the institution of the divorce suit against him by his wife Mollie Richards. He was served with citation and same was explained to him by the officer who served it. His ex parte depositions were taken in the suit and he paid the costs of the suit after judgment was rendered. Such being the case, he is conclusively bound by the judgment rendered in said suit. He has had his day in court as regards the settlement of the rights of himself and wife on the question of a divorce and in the property involved in said suit. He should have used proper diligence to protect his interests in that suit, and if the judgment of the court in which the case was tried was subject to the objections urged against it in this suit he should have appealed from said judgment. He failed to do this, and there is nothing in the pleadings or evidence in this case which would authorize a reopening of the issues determined in that suit.

This disposes of this appeal so far as the original plaintiff, Sam Richards, is concerned, because if the defendants were not entitled to a judgment in the court below the judgment should have been for the intervener, and as the record shows that the interest of the plaintiff and the intervener in the court below were diverse, the former will not be heard to complain of error which could only affect the rights of the latter. No brief having been filed by the intervener in this court he has abandoned his appeal, and his assignments of error will not be considered.

The judgment of the court below will be affirmed, and it is so ordered.

*Affirmed.*

### ON MOTION FOR REHEARING.

At the last term of this court the judgment of the court below in this case was affirmed, this court holding that no error was shown in the record as against the plaintiff in error Sam Richards, and that the plaintiff in error Openshaw, having filed no brief, had abandoned the prosecution of his writ of error. The attorneys of record for Sam Richards have filed a motion for rehearing in which they state that they represent both of the plaintiffs in error, and that the brief filed in this cause by them was in fact the brief for both the plaintiffs in error, and that their failure to sign said brief as attorneys for both plaintiffs in error was due to inadvertence. From the statement of the case in our

former opinion it will be seen that the interests of the plaintiff and intervener in the court below were conflicting, and that they were not and could not have been represented by the same attorneys on the trial in the court below. Notwithstanding this conflict of interests, the writ of error was sued out jointly and plaintiffs in error have filed joint assignments of error. It is contended by counsel that although the interests of plaintiffs in error may be "diverse as against each other they are common as against the defendants below, the defendants in error here," and they insist that it is perfectly proper for them to have made a joint application for writ of error and to be represented by the same attorneys in the prosecution of such writ. Conceding the absolute good faith of the attorneys and acquitting them of any intentional violation of the rules of propriety, we can not subscribe to the proposition that upon the issues presented by this writ of error both plaintiffs in error are properly represented by the same attorneys. Plaintiff below claimed the whole of the property in controversy as his separate property, and further claimed that the judgment for divorce and partition of property rendered in favor of his deceased wife, whose estate is being administered by the intervener, was obtained by fraud and is therefore void. The intervener contests both of these claims. It is therefore manifest that the interest of plaintiff and intervener are directly conflicting.

If the judgment of the court below should be reversed on the ground urged in the second assignment, that the court should have submitted to the jury the issue of whether the judgment for divorce and partition was fraudulently obtained, it would permit the reopening upon another trial of the question of fraud in procuring said judgment, and the result might be that the next verdict of the jury would deny the intervener any right in the property. It is clear that the attorneys urging this assignment are acting against the interest of the intervener, and it is equally clear that it is the duty of the plaintiff's attorneys to support the assignment by any legitimate argument in their power. We have had grave doubts as to whether we ought, under these facts, to permit the same attorneys to represent both of the plaintiffs in error, but as no objection has been raised by any of the parties to the writ of error either to the misjoinder of parties in the petition for writ of error or to the joint brief filed for both plaintiffs in error by the attorneys of record for plaintiff in the court below, we have concluded that it is permissible for us to consider the brief filed in the case as the brief for both plaintiffs in error. Upon the trial in the court below the intervener requested the court to submit to the jury the following special issue: "Do you believe from the evidence that the defendants, Fred and Annie Minster, acted in good faith with Mollie Richards in procuring from her the deed to the land in controversy described therein?"

This request was refused. The issue of fraud in the procurement of the deed by the defendant was raised by the pleading and evidence in the case and should have been submitted to the jury. The case was submitted to the jury upon special issues, and the court's charge did not

present the issue of fraud on the part of defendants in obtaining the deed from Mollie Richards. We think the assignment which complains of the refusal of the court to submit this issue should be sustained. We do not hold that the issue should have been submitted in the form requested, but the request for the submission of the issue of fraud or good faith in the transaction should have been granted and that issue properly submitted to the jury. If upon another trial of this cause the jury should find from the evidence that there was no fraud in the procurement of the deed by the defendants, they should find for the intervener the amount of purchase money of the land in controversy which has not been paid by the defendants, and judgment should be rendered in favor of intervener therefor, with foreclosure of the vendor's lien upon the land.

If it should further appear from the evidence in the case that a negotiable note for said purchase money was executed by the defendants and that same can not now be found, unless it should also appear that said note has been destroyed or was never transferred or assigned by Mollie Richards, the decree of the court should require as a condition to the enforcement of said judgment that adequate provision be made indemnifying defendants against loss or damage in event said alleged lost note should be hereafter found to have been transferred by the said Mollie Richards, and defendants should be held liable thereon. Galveston City Company v. Sibley, 56 Texas, 276.

Because of the error of the court in refusing to submit to the jury the issue of fraud on the part of the defendants in procuring the deed to the land in controversy, the motion of the intervener, Openshaw, for a rehearing will be granted, and our former judgment affirming the judgment of the court below as against the intervener will be set aside and said judgment will be reversed and remanded as to the said intervener. The motion for rehearing of plaintiff in error Sam Richards is overruled, and our former judgment affirming the judgment of the court below as to him is undisturbed.

*Judgment modified; reversed and remanded as to intervener.*