## LINDSEY v. DOUGHERTY.
### No. 4001.

Court of Civil Appeals of Texas. Amarillo.
April 12, 1933.
Rehearing Denied May 17, 1933.

Thomerson & Wilson, of Amarillo, for appellant.

Kimbrough & Boyce, of Amarillo, for appellee.

JACKSON, Justice.

The record discloses that in August, 1926, the appellant conveyed to appellee a certain lot in the Lindsey addition to Amarillo, Tex., for a consideration of $5,000 paid, $750 in cash and the assumption of the sum of $1,900 owing to the Standard Savings & Loan Association and a note in the sum of $2,350 executed by appellee and payable to appellant in monthly installments, secured by a vendor's lien against the lot.

The improvements on the lot were unfinished at the time of the conveyance and appellant agreed to complete such improvements in a good and workmanlike manner. Appellee paid six monthly installments on the $2,350 note as each payment became due, but appellant failed and refused to complete the improvements, a controversy arose between the parties, and appellee, in April, 1927, refused to make further payments. During this controversy appellee deeded the premises to Frank Tolliver for a certain consideration paid her and subject to the liens securing the indebtedness to the Standard Savings & Loan Association and the note, but appellant continued to insist on the payment by appellee of the installments on said note.

While these conditions existed, the appellant approached appellee saying that they had both suffered considerable loss on the property and he desired to recover title and resell the lot and save each of them further loss; that suit would have to be brought in appellee's name, and if she would sign a waiver of citation he would employ attorneys to file suit and she need not incur the expenses of employing a lawyer to represent her, as all he wanted was to recover title. Thereafter, on August 8, 1927, appellant instituted cause No. 1112 in the district court of Randall county on the note executed to him by appellee and for the foreclosure of his lien on said lot, requested appellee to go to the office of his attorneys and sign a waiver of citation, which she did, thereby entering her appearance in said suit to the August term of said court, 1927. Neither the appellant nor his attorneys explained the nature of the suit to appellee or furnished her with a copy of the petition filed therein. She is about sixty years of age, and since the death of her husband earned her livelihood by operating a farm and doing housework and was not fitted to perform any other kind of work. She never had any experience in court and did not know the character of suit appellant would institute to recover title to the premises. She was not present when judgment was rendered in said suit and paid no attention to the proceedings therein, because of said representations of appellant. On August 10, 1927, a hearing was had in said cause, and on August 18th the judgment was rendered and entered of record and said term of court ended August 21st thereafter.

On August 11, 1927, the attorneys representing appellant wrote appellee as follows: "As we told you when you were in our office Monday evening, we went to Canyon yester-

day and took judgment against you on Mr. Lindsey's note with foreclosure of our vendor's lien on the property."

On August 12th the appellee talked with one of appellant's attorneys and advised him to the effect that he should not have taken judgment against her because appellant had promised her that he would not do it. The attorney informed her that he knew nothing of any promise appellant had made but that he had taken judgment against her in the suit.

The court finds that at this time the appellee was still relying on the representations and promises made to her by appellant, paid no attention to the proceedings in the suit and took no steps to assert or protect the rights she claimed against appellant, did not file a motion for a new trial before the end of the term of court and made no effort to do so, as she was depending on the agreement with appellant relative to filing the waiver of citation and his representations that he only desired to recover title, would have to file suit in her name, that she need not incur the expense of employing a lawyer, and but for such representations she would not have signed the waiver but would have employed a lawyer to represent her. That she did not attend the sale had on October 4, 1927, under the order of sale issued on the judgment and did not bid or procure any bidders at the sale for the property. That in a conversation prior to the sale under execution the appellant refused to inform appellee whether he intended to bid the full amount of his judgment against the property or not, but that she informed him that she did not intend to bid on the property. At the sale under execution on October 4, 1927, the appellant, bidding less than the amount of his judgment, became the purchaser and acquired the property.

In February, 1928, he instituted suit against appellee in Beaver county, Okl., to collect the balance of the unsatisfied judgment obtained in Randall county in cause No. 1112. That until that time appellee had confidence in appellant and believed and relied upon said above representations. Upon learning that appellant had instituted the suit in Beaver county against her on the deficiency on said judgment, she, on March 10, 1928, filed in the district court of Randall county a bill of review, cause No. 1129, to have the personal judgment held against her for the deficiency set aside and cancelled, alleging it was procured by the above representations which were false and fraudulent. That this suit, No. 1129, was passed from term to term and finally dismissed for want of prosecution, which was due to the fault of appellee's attorney. That immediately thereafter, on August 17, 1931, this suit was instituted in the nature of a bill of review to set aside the personal judgment obtained by appellant for the deficiency after the purchase by him of the lot and improvements under execution.

In the instant case she based her right for relief on the above-alleged false and fraudulent representations and pleaded her defenses to the suit in cause No. 1112.

On a hearing before the court in the instant case a decree was rendered in effect canceling the judgment in cause No. 1112 in so far as it adjudged a personal recovery against appellee in favor of appellant and releasing appellee from all liability thereon.

Appellant contends that the judgment of the court in the case at bar is unwarranted because, if it be admitted that appellee's defenses to appellant's original suit were valid and the personal judgment against her in said suit was secured by fraud, nevertheless, as the undisputed record shows that she learned of such fraud before court adjourned and in ample time to have protected her rights by filing a motion for a new trial in cause No. 1112, such negligent failure to exercise her legal rights bars the equitable remedy urged in her bill of review.

The undisputed facts show that cause No. 1112 was heard on August 10, 1927; that on August 11th the appellant's attorneys, by letter, informed appellee that judgment had been taken against her on appellant's note, with a foreclosure of the vendor's lien; that on the 12th she told said attorneys they should not have taken judgment against her as appellant had promised not to do so. The attorneys disclaimed any knowledge of such promise, but again informed appellee that judgment had been taken against her in the suit. The decree was entered on August 18th and court adjourned on August 21st. No motion for new trial was filed and nothing done by appellee until March 10, 1928, at which time she filed her first bill of review, which, on account of the fault of her attorney, was dismissed for want of prosecution, and immediately thereafter her present attorneys, on August 17, 1931, instituted the instant suit.

There is no escape from the conclusion that appellee learned when she received the letter from appellant's attorneys that judgment had been taken against her. This is manifest from the fact that she immediately protested to the attorneys. They again gave her the same information, and hence at that time she knew that appellant had wholly disregarded all the promises and representations theretofore made which induced her to enter her appearance in cause No. 1112 and refrain from presenting her defenses therein. There is no contention that such promises were repeated or that other misrepresentations were ever made. She made no other or further investigation and court continued in session nine days.

We copy from Carver v. Moore, 288 S. W. 156, 158, by the Commission of Appeals, the following:

"Actual knowledge of the fraud is not required; reasonable prudence must be exercised to discover the fraud, and knowledge of acts sufficient to put one upon inquiry will operate as notice of the fraud. Kuhlman v. Baker, 50 Tex. 630; Bass v. James, 83 Tex. 110, 18 S. W. 336; Powell v. March (Tex. Civ. App.) 169 S. W. 936. * * *

"The presumption is that, if the party affected by any fraudulent transaction or management might, with ordinary care and attention, have seasonably detected it, then he seasonably had knowledge of it. Wood v. Carpenter, 101 U. S. 135-143 (25 L. Ed. 807); Bass v. James, 83 Tex. 110, 18 S. W. 336.

"Whatever is notice enough to excite attention and put the party on his guard and call for inquiry is notice of everything to which such inquiry might have led."

"The fact that one has placed confidence in another is not sufficient to excuse lack of diligence in investigating. Nor may a person wantonly close his eyes after discovery of facts sufficient to put him on inquiry." 20 Tex. Jur. 115.

It is said that, if "the means were at hand to readily discover the fraud complained of, and such means of information would have been used by a person of ordinary care and prudence in the transaction of his own business, then he will be held to have had notice of everything which a proper use of such means would have disclosed; and, a failure to avail himself of such means or avenues of information appearing, the issue presented is one of law for the decision of the court, and not a question of fact for the determination of the jury." Boren v. Boren, 38 Tex. Civ. App. 139, 85 S. W. 48, 51.

See, also, 20 Tex. Jur. 179.

We think the information given appellee charged her with knowledge of the fraud perpetrated upon her. If it did not, it is obvious that in the exercise of the care required of a reasonably prudent person, she would have learned thereof in ample time to have protected her legal rights by filing a motion for a new trial before the adjournment of the term of court at which the judgment which she seeks to set aside was rendered.

"It is a familiar rule that in order to set aside a judgment against a person over whom jurisdiction of the court had attached and which is regular on its face, when that relief is sought by a separate and independent suit after the term of court during which the judgment was rendered has expired, and which is therefore a proceeding in equity, the plaintiff has the burden of proof to show:

First, that he has a meritorious defense to the cause of action which resulted in the judgment; and, second, that he was not guilty of negligence in failing to move for a new trial of the case after the judgment was rendered and during the term of court at which it was rendered, or in failing to prosecute an appeal therefrom if by such an appeal he could have urged the same facts as grounds for a reversal of the judgment." Hollis v. Seibold (Tex. Civ. App.) 23 S.W. (2d) 811, 813.

"The rule is well settled that, if it appears that the matters complained of in the equitable suit to vacate the original judgment could have been presented to the trial court in the original proceedings, and brought up by appeal for review, a suit in equity to vacate the judgment would not lie." Winters Mutual Aid Ass'n Circle No. Two v. Reddin (Tex. Com. App.) 49 S.W.(2d) 1095, 1096.

To the same effect are the holdings in Hermann Hospital Estate v. Nachant et al. (Tex. Com. App.) 55 S.W.(2d) 505; Humphrey et al. v. Harrell et al. (Tex. Com. App.) 29 S. W.(2d) 963; Wichita County Lumber Co. v. Maer (Tex. Civ. App.) 235 S. W. 990.

The case was apparently thoroughly developed on the trial and the facts on which we base our holdings were conceded; hence the judgment is reversed and here rendered in favor of appellant.