**BIRGE et al. v. CONWELL.**

No. 4737.

Court of Civil Appeals of Texas. Amarillo.

April 19, 1937.

Rehearing Denied May 17, 1937.

W. S. Birge and J. L. Bagwell, both of Amarillo, for appellants.

R. A. Wilson and Grady Fox, both of Amarillo, for appellee.

STOKES, Justice.

On the 20th of October, 1934, appellee was the owner of $18,700 of the capital stock of the Texas Plains Building & Loan Association upon which she .claimed she had the right of withdrawal under the terms of a contract she held with the association. After some negotiations with the association in which there arose a controversy as to such right, she discussed the matter with appellant W. S. Birge, who was a practicing attorney at Amarillo, with the view of employing him to file a suit against

the association to enforce her right of withdrawal and collect the money which she had invested in the stock. On that day, she went to the office of Birge, and a contract was drawn by him which provided that he would file such a suit and represent her for a fee of 10 per cent. of the stock, which, the contract provided, was assigned to him. A copy of the contract was retained by each of the parties and the suit was filed in the Forty-Seventh district court on the 26th day of October, 1934. Prior to the trial of the case, appellant Birge associated with him the appellant Lee P. Pierson, as counsel, and assigned to Pierson a one-half interest in the contract of employment. The case came on for trial before the court, without the intervention of a jury, on June 5, 1935, and appellants filed in the case a plea of intervention, informing the court of their interest in the capital stock under their contract with their client, the appellee herein, and praying that 10 per cent. of the recovery be decreed to them.

On June 7th the trial judge announced his decision from the bench, but the judgment was not drafted until the 12th of June, 1935, when a copy of it was mailed to appellee, which she admitted she received. In the judgment, appellee was denied the right of withdrawal of the proceeds of the capital stock, but 90 per cent. of the capital stock itself was awarded to her and 10 per cent. of it to the appellants, Birge and Pierson, under their plea of intervention. After the judgment was entered of record, appellants, Birge and Pierson, on behalf of appellee and themselves, filed a motion for a new trial and, on the 26th of June, appellee wrote Birge a letter discharging him and his associates from further participation in the case. Between the date of the judgment entry and the adjournment of the court on July 6, 1935, appellee consulted a number of other attorneys concerning the advisability of perfecting an appeal in the case and, in these consultations, she had with her a copy of the judgment. No motion for a new trial as against appellants was filed, nor was the motion filed by them urged; no appeal was perfected, nor any attempt made to perfect an appeal or writ of error.

On August 6, 1935, this suit was filed by appellee in the same court, in the nature of a bill of review, against appellants, Birge and Pierson, and others not necessary to mention, having for its object the setting aside of the judgment rendered in the original case in so far as it decreed to appellants 10 per cent. of the capital stock, and appellee also prayed for a cancellation of the contract of employment of October 20, 1934.

The trial was before a jury and the case submitted on special issues, in answer to which, the jury found that there was no agreement between appellee and her attorney, Birge, prior to the execution by them of the written contract of employment in the original suit, as to what compensation Birge should receive for his services in that suit in case it should be decreed appellee was entitled to the rights only of an ordinary stockholder and denied her claimed right of withdrawal.

The tenth special issue was as follows: "Do you find and believe from a preponderance of the evidence that plaintiff, Sarah Conwell, was not guilty of negligence in failing to file, as against defendants Birge and Pierson, a motion for a new trial in cause No. 11401A prior to July 6, 1935."

To which the jury answered: "We find that she was guilty of negligence."

The trial court was of the opinion that special issue No. 10 was immaterial and should be disregarded in rendering judgment and, after so finding, proceeded to render judgment on the verdict of the jury in favor of the appellee. The decree provided that the judgment in the original suit, in so far as it decreed to appellants 10 per cent. of the capital stock in the building and loan association, be set aside and so modified as to provide that they take nothing on their plea of intervention and that the contract of employment between appellee and appellant Birge be canceled and for naught held and enjoining appellants from issuing any process for the enforcement of the original judgment.

This action of the court is assigned as error, and we think the assignment must be sustained. The bill of review is an equitable remedy and cannot be used to take the place of a motion for new trial, appeal, or writ of error. It cannot be so used during the term of the court when the original case was tried, nor can it be so used after the term has expired, if either of those expedients were available during the term at which the judgment was rendered, unless it be shown that the complainant had a good defense which was prevented by fraud, accident, or the wrongful acts of his adversary. It has never been the law that one who is negligent in the matter

of filing and urging a motion for a new trial or in perfecting an appeal or writ of error may avoid the consequences through the medium of a bill of review. Smith et al. v. Ferrell (Tex.Com.App.) 44 S.W.(2d) 962; Lindsey v. Dougherty (Tex.Civ.App.) 60 S.W.(2d) 300.

■ Appellee takes the position that these rules of law cannot apply to this case for the reason that, under no circumstances could she and the appellants occupy adverse positions in the original case against the building and loan association, and, therefore, the question of whether or not appellee was guilty of negligence in failing to file a motion for a new trial or perfecting an appeal becomes immaterial. As long as no controversy arose between them as to the construction of the contract of employment made with Birge on October 20, 1934, that is unquestionably true. And, up to that time, it was perfectly legitimate for appellants to intervene in that case and set up their contract and pray for a recovery of their portion of the proceeds of the judgment, whether it be the withdrawal value of the capital stock or the stock itself. Galveston, etc., Ry. Co. v. Ginther, 96 Tex. 295, 72 S.W. 166; Missouri K. & T. Ry. Co. v. Bacon (Tex.Civ.App.) 80 S.W. 572 (writ of error denied). It is true, there was no controversy between the attorneys and their clients in the cited cases; but it is also true that, as far as the record shows, there was no controversy between appellee and her attorneys up to the time they filed their plea of intervention, nor was any controversy apparent for several days after the case was tried. Appellee testified that, after she received a copy of the final judgment, on June 12, 1935, she consulted a number of attorneys concerning the matter of intervention by appellants and the advisability of an appeal. Finally, on the 26th of June, she discharged appellants from the case and we think the record bears out the conclusion that such discharge was based upon the fact that they had intervened in the suit. After she discharged them, it cannot be said that her interest and theirs were not adverse. She consulted other attorneys about an appeal, and she testified that she worried over the question of whether to appeal the case or not. The term of court did not adjourn until July 6th, which was ten days after she discharged appellants as her attorneys, and we cannot escape the conclusion that, during that time, at least, she and appellants were adversaries in the matter, notwithstanding they had, until the 26th of June, been her attorneys in the case. We therefore do not agree with appellee in her contention that the question of whether or not appellee was guilty of negligence in failing to file and prosecute a motion for a new trial in the original case was an immaterial one.

The law is well established that, before recourse can be had to the equitable bill of review, the complainant must show that he was prevented from procuring the relief in the former suit through fraud, accident, or the wrongful act of the adverse party, and this must not be tainted with any negligence of the complainant. The appellee testified she was in court when the original suit was tried and she must, therefore, have known of the plea of intervention. She received a copy of the judgment on June 12, 1935, and she makes no claim that she was prevented from reading it nor that she did not understand it. On the contrary, she immediately took up negotiations with a number of other attorneys and discussed with them the question of perfecting an appeal of the case. She discharged the appellants on the 26th of June, and it was yet ten days before court adjourned. Not only does she not plead and prove that appellants in any way prevented her from presenting a motion for a new trial or perfecting an appeal, but, by her own testimony, she makes out a very positive case of her own negligence.

■ Even if it be admitted that appellee had a good defense to the claim of appellants, and even if it should have been shown that she was prevented from presenting such defense by the fraudulent acts of the appellants at the trial of the case, still it is undisputed that she knew of all the facts for at least ten days before the court adjourned and in ample time to have protected her rights by filing and urging a motion for a new trial as against appellants, and her failure to take advantage of that right constituted negligence on her part which bars the equitable remedy which she seeks in this case. This court so held in the case of Lindsey v. Dougherty, supra, and the rule is supported by an unbroken line of decisions of the courts of this state since the able opinion written by Judge Wheeler in the case of Goss v. McClaren, 17 Tex. 107, 67 Am.Dec. 646. Johnson v. Templeton, Admr., 60 Tex. 238; Merrill v. Roberts, 78 Tex. 28, 14 S.W. 254; Green v. Green (Tex. Com.App.) 288 S.W. 406.

Being of the opinion that error was committed in the respects mentioned and that there is nothing to be gained by a retrial of the case, it is ordered that the judgment of the court below be reversed, and judgment here rendered for appellants to the effect that appellee take nothing by her suit and that she pay the costs of the trial court and of this court.