## MITCHELL v. MITCHELL.

### No. 5759.

Court of Civil Appeals of Texas. Amarillo.
Jan. 13, 1947.

Rehearing Denied Feb. 10, 1947.

Cunningham & Boling, of Lubbock, for appellant.

Jack M. Randal, of Lubbock, for appellee.

BOYCE, Justice.

This is an appeal from a judgment vacating a divorce decree granted at a previous term. The appellant Jewel Mitchell brought the divorce suit against the appellee Ervin Mitchell for divorce, custody of an infant daughter and $40 per month for care and support of the child. The appellee was served with citation but did not answer. On December 10, 1945, a trial was had before the court without a jury and judgment was entered on that date granting to the appellant the divorce and custody of the child; the judgment also required that the appellee pay into the registry of the court the sum of $40 per month for the support of the child until she should reach the age of sixteen years. On September 6, 1946, the appellant filed an affidavit in which she stated that the appellee had failed to make any of the monthly payments and prayed that the appellee be held in contempt of court and be punished for such contempt until he complied with the judgment of the court. The appellee was cited to show cause why he should not be held in contempt. He filed an answer in which he alleged that neither at the time the divorce suit was filed nor at the time the divorce was gran-

ted had the appellant been a resident of the State of Texas during the twelve months preceding or a resident of Lubbock County during the six months preceding; he prayed that the contempt order be denied and the divorce set aside. The appellant was introduced as a witness by the appellee. On direct examination without objection, she testified that she and appellee moved to Colorado in 1943 and remained there until September, 1945, when she returned to Lubbock; that appellee returned to Texas in October, 1945. While in Colorado, the appellee was employed in a war plant in Denver and the appellant worked in a beauty shop. On this testimony, the trial court set aside the judgment of divorce.

The appellant contends that the judgment was improperly vacated because it is valid on its face and the appellee was negligent in failing to defend the suit and in failing to exhaust his legal remedies for obtaining a review of the divorce decree.

■■ The provisions of Article 4631 of Vernon's Texas Civil Statutes with reference to the residence of the plaintiff in a divorce suit are not jurisdictional. Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306, 313; Aucutt v. Aucutt, 122 Tex. 518, 62 S.W.2d 77, 79, 89 A.L.R. 1198. A divorce judgment based upon false or perjured testimony as to the plaintiff's residence is not void, the fact of residence having been necessarily passed upon by the court in decreeing the divorce. Moor v. Moor, Tex. Civ.App., 63 S.W. 347, 349, writ of error refused. It follows that the judgment of divorce entered in this case was, at most, voidable, the District Court having had jurisdiction of the parties and of the subject matter. Upon the ending of the term at which the divorce was granted, the District Judge lost the power to set it aside except in an equitable proceeding for that purpose. Hester v. Baskin, Tex.Civ.App., 184 S.W. 726, 727; Ridley v. McCallum, 139 Tex. 540, 163 S.W.2d 833, 836. The judge, therefore, was not authorized, on his own motion, to set the judgment aside. Was he on the motion of the appellee?

■ If we assume, without deciding, that the appellee's motion in this case was an equitable proceeding to set the judgment aside, we must ascertain whether the testimony supporting it was sufficient. The first requisite for an equitable review of a final judgment entered at a previous term is diligence on the part of the petitioner. Ruland v. Ley, 135 Tex. 591, 144 S.W.2d 883, 888; Osborn v. Younger, Tex.Com.App., 235 S.W. 558; Richards v. Minster, 29. Tex.Civ.App. 85, 70 S.W. 98, 100. Such diligence must include a showing that he was not negligent in his failure to present the matter complained of to the trial court in the original proceeding or in his failure to move for a new trial after judgment was rendered and during the term in which it was rendered, or in his failure to prosecute an appeal, if by such appeal he could have urged the same facts as ground for the reversal of the judgment. Lindsey v. Dougherty, Tex. Civ.App., 60 S.W.2d 300, 302, writ of error refused. See also Gray v. Moore, Tex. Civ.App., 172 S.W.2d 746, 751, writ of error refused for want of merit; Donovan v. Young, Tex.Civ.App., 127 S.W.2d 517, 519, writ of error refused.

■ Appellee was served with citation and a copy of appellant's petition on November 13, 1945, almost a month before the judgment was taken. Although he cannot read and write, he showed the citation and the petition to his employer, who explained their purport to him. Appellee made no attempt to contest the suit. Immediately upon entry of the judgment, appellant's attorneys mailed appellee a copy of it, which someone explained to him. Appellee ignored the matter until cited for contempt for his failure to make the payments for support of his child. It is our opinion that the appellee has wholly failed to show the diligence required of him as a prerequisite for a review in equity of the divorce decree. It is, therefore, ordered that the judgment of the trial court be reversed and the cause remanded for proceedings on the order to show cause why appellee should not be held in contempt.