**John W. ARMSTRONG, Jr., et ux.,**
**Appellants,**

v.

**Clifton Odell JACOBS et al., Appellees.**

No. 17252.

Court of Civil Appeals of Texas.

Dallas.

March 28, 1969.

Wilson Walters, Denison, for appellants.

John D. Hill, of Brown, Kennedy & Hill, Sherman, for appellees.

BATEMAN, Justice.

This is appellants' third attempt to obtain a review by this court of an adverse

judgment. The first failed because the appeal bond was not timely filed. Rule 356, Vernon's Texas Rules of Civil Procedure. The second, an application for writ of error, failed because appellants had participated in the trial. Vernon's Ann.Civ.St., Art. 2249a.

The present suit was filed by appellants by a petition they labeled as being "in the nature of a Bill of Review." It describes in detail the proceedings in the former trial, complains of numerous alleged errors therein, and prays that the judgment be set aside as void and that they have the favorable judgment they sought in that original suit. Summary judgment was rendered for appellees. We affirm, on two grounds.

First, appellants' brief contains no points of error which even mention, much less complain about, the summary judgment from which the appeal is taken. The entire brief is devoted to complaints of errors alleged to have been committed in the trial of the former suit. No fundamental error appears, and appellants' brief presents nothing for us to review. Texas Company v. State, 154 Tex. 494, 281 S.W.2d 83, 90 (1955); Missouri-Kansas-Texas R. R. Co. v. McFerrin, 156 Tex. 69, 291 S.W.2d 931, 941 (1956); Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887, 890–891 (1960); Rules 374 and 418, T.R.C.P.

Secondly, appellants were not entitled to a bill of review, having failed to show that they were prevented from presenting their defense in the former suit by fraud, accident or wrongful act of appellees. Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996, 998 (1950); Hanks v. Rosser, 378 S.W.2d 31, 34 (Tex. 1964); French v. Brown, 424 S.W.2d 893, 895 (Tex.1967); Birge v. Conwell, 105 S.W.2d 407 (Tex.Civ.App., Amarillo 1937, writ ref'd).

On the contrary, the record shows clearly that they did present their defense but that the jury held against them; and the adverse judgment based on that verdict, not having been set aside or reversed, stands as final adjudication of the matter.

The matters of fact hereinabove stated all appear affirmatively from appellants' pleadings and brief. Accepting as true all such statements in the latter, in the absence of a brief by appellees, as authorized by Rule 419, T.R.C.P., we conclude therefrom that there is no genuine issue as to any material fact and that appellees were entitled to judgment as a matter of law. Rule 166–A, T.R.C.P.

Accordingly, the summary judgment appealed from is

Affirmed.