Hortencia TIBUNI, Appellant,

v.

EL PASO ELECTRIC COMPANY et al., Appellees.

No. 6674.

Court of Civil Appeals of Texas, El Paso.

May 24, 1978.

Rehearing Denied June 21, 1978.

Dick Stengel, Law Offices of L. Taylor Zimmerman, P. C., L. Taylor Zimmerman, El Paso, for appellant.

Kemp, Smith, White, Duncan & Hammond, Joe Lea, Jr., El Paso, for appellees.

## OPINION

WARD, Justice.

This is an appeal by the Plaintiff from a summary judgment granted in favor of two Defendants in an equitable bill of review case. Because the Plaintiff affirmatively pled and the proof showed that she was seeking to relitigate issues which she either previously litigated or had full opportunity to litigate in the first trial of the case, we affirm.

Hortencia Tibuni filed suit in Cause No. 73–941, 120th District Court, against El Paso Electric Company for injuries arising out of an automobile accident which occurred August 6, 1972. A deposition of Thomas Alexander was taken August 27, 1974, and he testified that he was driving the Electric Company car but was not on duty and was not acting for the Company in the course and scope of his employment. In December, 1974, the Plaintiff joined Alexander to the suit as a party Defendant, but on July 23, 1976, his plea of two-year Statute of Limitation was sustained and he was dismissed from the lawsuit. On the same day, a motion for summary judgment on behalf of El Paso Electric Company was heard and granted and a take nothing judgment was entered against the Plaintiff. Thereafter, on August 2nd, a motion for new trial was filed by Ms. Tibuni complaining of the trial Court's actions regarding the two Defendants, and that motion was overruled September 7, 1976. No appeal was then taken.

On February 24, 1977, the Plaintiff Tibuni, in the same Cause No. 73–941, 120th District Court, filed her present bill of review against El Paso Electric Company and Thomas Alexander alleging the same cause of action as previously made. She further alleged that she had a meritorious cause of action against the said two Defendants, and a meritorious defense to the motion to dismiss filed by Alexander and to the motion for summary judgment filed by the Electric Company; as the Plaintiff was misled; that the Defendant Electric Company had concealed from the Plaintiff that the Defendant Alexander was not in the course and scope of his employment; that "Plaintiff did not discover until August 27, 1974 that the Defendant, THOMAS EDGAR ALEXANDER, was not in the course and scope of his employment with the Defendant, EL PASO ELECTRIC COMPANY;" that the representatives of the Electric Company had known since May or June, 1974, that Alexander was not in the course and scope of his employment; and that the Defendants lulled Plaintiff's attorney into a sense of false security. Thereafter, on March 31, 1977, the present motion for summary judgment of the Defendants, El Paso Electric Company and Thomas Alexander, was heard and it was granted on May 10, 1977, and a take nothing judgment was entered against the Plaintiff on her bill of review action against the said two Defendants. It is this judgment that is now appealed.

The Plaintiff's first point is that the trial Court erred in originally granting the Alexander plea of limitation and the summary judgment in favor of the Electric Company. This point is directed to the final judgment entered in the first suit in July, 1976. The complaint is entirely foreign to the present appeal and presents nothing for us to review at this time. The point is overruled.

The Plaintiff's second point is to the effect that the trial Court erred in granting the summary judgment in the present bill of review as there were fact issues present, and that Plaintiff had fulfilled all the equitable principles of a bill of review. The Plaintiff's theory is that claim agents and attorneys for the Defendants concealed the facts from her that Alexander was not acting within the course and scope of his authority with the Electric Company at the time of the accident, and that this constituted some sort of fraud upon her which became a defense to both Alexander's plea of limitation and the Electric Company's original motion for summary judgment. Regardless of the questionable merits of such a plea, the Plaintiff has both alleged and established by the record that her attorneys knew of the alleged concealment and of the true facts by August 27, 1974, almost two years before the first suit was finally dis-

posed of. The matter should have been presented to the trial Court in the first trial for favorable consideration, or to the appellate Court if rejected by that trial Court. The Plaintiff is not entitled to a bill of review as she has failed to show that she was prevented from presenting her meritorious defense through extrinsic fraud, accident or mistake, wholly unmixed with any fault or negligence of her own. *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996 (1950); *Johnson v. Potter*, 384 S.W.2d 747 (Tex.Civ.App.—Tyler 1964, no writ); *Falsetti v. Lowman*, 405 S.W.2d 796 (Tex.Civ. App.—Eastland 1966, writ ref'd n. r. e.); *Armstrong v. Jacobs*, 439 S.W.2d 848 (Tex. Civ.App.—Dallas 1969, no writ).

The second point is overruled and the summary judgment appealed from is affirmed.