OSBORNE v. YOUNGER. (No. 1059.)

(Court of Civil Appeals of Texas. El Paso. Feb. 12, 1920. Rehearing Denied March 4, 1920.)

DISMISSAL AND NONSUIT ⬅=81(3) — ACTION DISMISSED FOR FAILURE TO COMPLY WITH RULE FOR COSTS CANNOT BE REINSTATED AT SUBSEQUENT TERM.

Where an action in trespass to try title was dismissed for plaintiff's failure to file a cost bond, the court is without jurisdiction to reinstate the same at a subsequent term.

Appeal from District Court, Navarro County; H. B. Daviss, Judge.

Action by Annie Osborne against Jess Younger. From a judgment for defendant, plaintiff appeals. Affirmed.

W. W. Ballew, of Corsicana, for appellant. Richard Mays, of Corsicana, for appellee.

HARPER, C. J. Appellant filed this suit in trespass to try title against appellee September 25, 1902. The notations on the dock-

et show that it was "passed" and "continued" from time to time to July 15, 1918, when plaintiff was required to file cost bond, and October 14, 1918, dismissed for failure to comply with the rule for costs as required by law. On May 23, 1919, at subsequent term, plaintiff filed motion to reinstate the cause. This appeal is from the order overruling the motion to reinstate, filed May 23, 1919.

The order contains the following recitals: The assignment is that the court erred in holding that it had "no jurisdiction or right to reinstate said cause." In this there was no error. It is well settled that after the adjournment of the term at which such judgment is entered it is no longer subject to the control of the trial court. Eddleman v. McGlathery, 74 Tex. 280, 11 S. W. 1100; Hester v. Baskin, 184 S. W. 726.

Affirmed.

─────────
☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes