## OSBORN v. YOUNGER. (No. 269–3494.)

(Commission of Appeals of Texas, Section A. Dec. 14, 1921.)

**1. Judgment ☞335(3)—Petition held sufficient as for review in equity, notwithstanding misnomer as motion to reinstate after dismissal.**

A petition seeking reinstatement of a dismissed case, stating that, though there was a bond for costs given in the case, which had been placed on the retired docket for several years, when placed on the live docket it was dismissed for failure to give such bond, during absence of plaintiff's attorney, who knew nothing thereof until long after the term, and stating a meritorious cause of action, was sufficient as a petition in equity to review the judgment, so that it was error to overrule it as too late for motion to reinstate, though it was so named in the petition itself.

**2. Costs ☞134—Bond on file for several years unattacked held valid.**

A cost bond being on file in a case duly approved was valid, though the case had been on the retired docket for several years and had been transferred to the live docket, and the court was unaware of the existence of the bond.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by Annie Osborn against Jess Younger. From judgment for defendant, plaintiff appealed to the Court of Civil Appeals, and on affirmance there (218 S. W. 1089), brings error. Judgments reversed, and cause remanded.

W. W. Bollew, of Corsicana, for plaintiff in error.

Richard Mays, of Corsicana, for defendant in error.

RANDOLPH, J. This suit was instituted by the filing of a petition in trespass to try title in the district court of Navarro county, in which the plaintiff, Annie Osborn, sought to recover certain lands situated in that county from defendant, Younger. The original petition was filed September 25, 1902. The defendant filed his original answer thereto on the 4th day of March, 1903. The day after filing her petition plaintiff filed a cost bond in . the cause, which appears to have been regularly filed and approved by the clerk of the court.

It further appears that the case was later placed on the "retired docket," where it stayed five or six years until about the 19th of May, 1918, when counsel for plaintiff alleges he secured the docket, took it to the court, and requested that it be again returned to the "live" docket, so that it could be tried. In ignorance of the fact, so far as the record discloses, that a cost bond had ever been filed in the case, counsel for defendant moved the court to require the plaintiff to give security for cost. This motion was made in July, 1918. Whether it was in writing or oral is not entirely clear, but the record contains no written motion. At the next term of the court, on October 14, 1918, the defendant in open court moved the court to dismiss the cause for plaintiff's failure to comply with "the rule for costs." In the order which the court entered dismissing the cause those facts are recited. It appears that defendant's attorney was not present when the case was dismissed and knew nothing of this action of the court until May 19, 1919, and on May 23d thereafter the plaintiff filed what is designated a "motion to reinstate the cause." This motion was by the court overruled and denied. The district judge gave as his reason for overruling the motion to reinstate that the district court had no jurisdiction or right under the evidence to reinstate the case, as it was dismissed October 14, 1918, at the October term, 1918, and the motion to reinstate was not filed until the April term, 1919. Plaintiff thereupon appealed to the Court of Civil Appeals for the Fifth Supreme Judicial District at Dallas, Tex., where the case was by that court duly transferred to the Eighth Court of Civil Appeals at El Paso, Tex.

The Court of Civil Appeals for the Eighth Supreme Judicial District on hearing affirmed the case, and in their affirmance held that the assignment "that the lower court erred in holding that it had no jurisdiction or right to reinstate the cause" was not erroneous, and that it is well settled that after the adjournment of the term at which said judgment is entered it is no longer subject to the control of the trial court, citing Eddleman v. McGlathery, 74 Tex. 280, 11 S. W. 1100; Hester v. Baskin, 184 S. W. 726; Osborne v. Younger, 218 S. W. 1089.

[1] Evidently the Court of Civil Appeals was considering such "motion" only as a motion for a new trial and not as a petition or bill of review. The motion is, in effect, a bill of review, as it contains all of the allegations necessary to constitute it such. In order to show herself entitled to have the judgment of the lower court dismissing the cause set aside, the petitioner must show that in her original petition, in the suit dismissed, she alleged facts which, if true, would have entitled her to judgment against defendant, Younger; that the dismissal of the original suit was not on account of negligence on her part; and it must also appear that she was reasonably diligent in seeking a reinstatement of the case during the term when it was dismissed, or just as soon as information came to her that the court had dismissed the case.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

We think that the petition is sufficient to constitute it a bill of review, and is in compliance with the law. It matters not that the plaintiff misnamed it, if in fact it was a bill of review or an original proceeding instituted by plaintiff to set aside the judgment of dismissal. The petition recites and sets out at length the facts of the filing of the original cost bond, its approval by the clerk, and shows a meritorious cause of action. The petition is a direct appeal to the equitable power of the court, and was filed in due time. Garrett v. Gaines, 6 Tex. 435; Johnson v. Cheney, 17 Tex. 341; Kruegel v. Porter (Civ. App.) 136 S. W. 801, affirmed in 106 Tex. 29, 155 S. W. 174.

[2] A cost bond being on file in the case, duly approved by the clerk of the court at the time the motion to dismiss was presented, even though the court was unaware of that fact, such dismissal was illegal, and the court, when such fact was brought to his knowledge in the bill of review, should have reinstated the case. The bond had never been attacked and was a valid bond until the contrary was shown by a proper proceeding.

We therefore recommend that the judgments of the Court of Civil Appeals and of the district court be reversed, and that this cause be remanded for disposition of the petition for review.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.