## LEY v. RULAND et ux.

### No. 10417.

Court of Civil Appeals of Texas. Galveston.

Oct. 28, 1937.

Rehearing Denied Jan. 6, 1939.

Lewis Fogle, of Houston, for appellant.

Baker, Botts, Andrews & Wharton and Gaius G. Gannon, all of Houston, for appellees.

GRAVES, Justice.

This appeal is from a judgment of the 113th District Court of Harris County, entered upon an instructed verdict in favor of the appellees upon the conclusion of appellant's evidence, wherein the latter was refused any recovery upon his suit in the nature of a "Bill of Review", whereby he sought to reinstate a previously dismissed debt and foreclosure suit he had filed against such appellees; the learned trial court, in support of its action, filed these findings of both fact and law:

"Findings of Fact.

"The Court finds as a fact that this suit, which was originally filed July 12, 1927, was dismissed for want of prosecution in the 113th District Court of Harris County, Texas, on the 10th day of July, 1931, at the July-December, 1931, term of said court, without the knowledge or consent of the plaintiff herein or his attorney of record. The Court further finds as a fact that on or about the 17th day of January, 1932, at the January-June, 1932, term of said court, a period of more than thirty days after the dismissal of such suit, and in fact six months and seven days after such dismissal, the plaintiff's attorney of record discovered that said case had been dismissed, and on May 6, 1932, filed a suit in the nature of a bill of review for the purpose of having such cause reinstated upon the docket of this court. The Court further finds that such filing was three months and twenty days, in fact 108 days, after Lewis Fogle, the attorney of record then and now for the plaintiff, had actual knowledge of such dismissal.

"And the Court further finds the above-mentioned dismissal was after due and regular notice of such proposed dismissal had been, together with other cases, posted and published.

"Conclusions of Law.

"The Court concludes as a matter of law, based upon the case of Osborn v. Younger, decided December 14, 1921, Commission of Appeals Section A, holding of the Commission of Appeals expressly approved, 235 S.W. 558, that an applicant in equity seeking to set aside a judgment of dismissal for want of prosecution must establish by pleadings and proof three elements, each of which is indispensable to the cause of action, to-wit:

"1. 'That in her original petition in the suit dismissed she alleged facts which if true would have entitled her to judgment against defendant. * * *';

"2. 'That the dismissal of the original suit was not on account of negligence on her part';

"3. 'And it must also appear that she was reasonably diligent in seeking a reinstatement of the case during the term when it was dismissed or just as soon as information came to her that the court had dismissed the case'.

"The Court holds as a matter of law that it affirmatively appears from plaintiff's pleading and proof that plaintiff was altogether lacking in diligence in seeking a reinstatement of the case as soon as information came to him that this suit had been dismissed for want of prosecution, and that a delay of 108 days cannot in any view be said to be immediate or 'just as soon as information' came to plaintiff that the suit had been dismissed.

"And for the above-mentioned reasons the bill of review should be dismissed from the docket of the 113th District Court of Harris County, Texas."

In this court the controversy had been reduced, by these respective statements of the parties in their briefs, to a single question of law, with only immaterial differences in the manner of putting it:

(1) That of the appellant, with his appended authorities cited, which he insists should be answered in the negative, being: "Does an unexplained lapse of three months and twenty days between discovery that his suit had been dismissed without fault on his part and the filing of a Bill of Review to set aside the dismissal, require a dismissal of the Bill as a matter of Law? Eldridge v. Eldridge, Tex.Civ. App., 259 S.W. 209; Hammond v. Hopkins, 143 U.S. 224, loc. cit. 274, 12 S.Ct. 418, 36 L.Ed. 134; 21 Corpus Juris, 193, par. 180; 10 R.C.L., Eq., Sec. 143, pp. 396–7; Burningham v. Burke, 67 Utah 90, 245 P. 977, 46 A.L.R. 466; Columbian National Life Ins. Co. v. Black, 10 Cir., 35 F.2d 571, 71 A.L.R. 128; Camden v. Fink Coal & Coke Co., 106 W.Va. 312, 145 S.E. 575, 61 A.L.R. 584, loc. cit. 586; Conrads v. Kasch, Tex.Civ.App., 26 S.W.2d 732, loc. cit. 737; Galveston, H. & S. A. Ry. Co. v. Cade, 100 Tex. 37, 94 S.W. 219; Texas & P. Ry. Co. v. Jowers, Tex.Civ. App., 110 S.W. 946; Winters v. Coward, Tex.Civ.App., 174 S.W. 940."

(2) That of the appellees, with their cited authority, which they urge calls for an affirmative answer being: "This appeal involves but a single issue. That issue is, whether diligence is an indispensable element in an equitable action to set aside an order of dismissal for want of prosecution. Osborn v. Younger, Tex.Com.App., 235 S.W. 558, expressly approved by the Supreme Court, 235 S.W. 559."

■ The parties further agree that the four years' statute of limitation, R.S. Article 5529, is applicable to such action by a bill of review to set aside an order of dismissal for want of prosecution, which is obviously correct, so that feature calls for no discussion.

This court, after careful examination of the opinion of the Supreme Court in Osborn v. Younger, 235 S.W. 558, upon which the learned trial court based its judgment, concludes that it fails to sustain the action taken; indeed, the precise question here involved, that is, what degree of diligence is required of one seeking a reinstatement of a dismissed case after making discovery of the dismissal, was not involved in that case at all, since the court found and held that the complainant there had been diligent; in fact, she had originally filed a valid cost bond that had been approved by the clerk, hence the order of dismissal against her—based upon the trial court's erroneous belief that it had not been filed—was itself illegal; that dismissal occurred on October 14 of 1918, and her proceeding to reinstate had been filed within four days after she discovered such action, or on May 23 of 1919; wherefore, the Supreme Court, after construing the proceeding to have been in effect a bill of review, rather than a belated motion to reinstate filed after the expiration of the court term, held the refusal to reinstate to have been erroneous.

■ Upon a parallel state of facts to that here existing, this dismissal too having been inadvertent—hence unjustified—and appellants' attorney not having been negligent in not sooner discovering it, with the holding in Osborn v. Younger thus distinguished, there seems to be unbroken support under our authorities for the contention appellant makes, as the cases so cited by him make manifest; especially so in this instance, since there were neither allegations nor proof of any injury to the appellees here as a result of this delay of less than four months by appellant in filing his bill of review to set aside this dismissal, no defense of laches

392

in filing it in such circumstances being available either in fact or law; see appellant's cited authorities, supra.

Further discussion being deemed unnecessary, the judgment will be reversed and the cause remanded.

Reversed and remanded.

CODY, J., not sitting.

### On Motion for Rehearing.

GRAVES, Justice.

Final disposition of a rehearing in this cause has heretofore been unavoidably delayed by the concurrence of the physical disability of former Chief Justice PLEASANTS and the recusation of Associate Justice CODY; now, however, the majority of the court as at this time constituted have, upon a careful reconsideration of the appellees' motion for rehearing, been unconvinced of error in its original reversal and remanding of the judgment. It will accordingly be adhered to.

Appellees' motion for rehearing refused.

CODY, J., not sitting.