## H. F. RULAND ET UX V. E. V. LEY.

No. 7533. Decided November 27, 1940.
Rehearing overruled January 8, 1941.
(144 S. W., 2d Series, 883.)

592

*Baker, Botts, Andrews & Wharton* and *Gaius G. Gannon,* all of Houston, for plaintiff in error.

A plaintiff, who learns for the first time after the adjournment of the term of court that his case has been dismissed for want of prosecution must take immediate steps to have it reinstated. Inexcusable delay is fatal, as it is contrary to public policy in that it tends to deprive the courts of control of its dockets and to deprive defendants of the benefit of the limitation statutes applicable to the cause of action sought to be reinstated. A plaintiff who seeks equitable relief from the statute of limitations as to his cause of action but invokes the statute of limitation against defenses to that cause of action is not entitled to equitable relief. Osborn v. Younger, 235 S. W. 558; Galveston, H. & S. A. Ry., Co. v. Cade, 100 Texas 37, 94 S. W. 219; Conrads v. Kasch, 26 S. W. (2d) 732; Hammond v. Hopkins, 143 U. S. 224; Travelodge Corp. v. Schwake, 126 S. W. (2d) 523.

*Lewis Fogle,* of Houston, for defendant in error.

The bill of review having been filed within the four year period of limitation, as permitted under Article 5529, is timely, and there being neither allegation nor proof of any circumstances to show why that period of limitation should not apply, and no proof of an injury as a result of a delay of three months and twenty days after the discovery of the dismissal of the cause, a defense of laches does not exist either in fact or in law. Seastrunk v. Kidd, 53 S. W. (2d) 678; Eldridge v. Eldridge, 259 S. W. 209; Johnson v. Stevens, 121 Texas 374, 49 S. W. (2d) 431; Owen v. City of Eastland, 124 Texas 419, 78 S. W. (2d) 178.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

E. V. Ley on May 27, 1930, filed suit against H. F. Ruland and wife. The suit had been pending on the docket for a little more than a year when it was dismissed by the court for want of prosecution early (July 10, 1931) in the July-December, 1931 term of court. The dismissal was without fault on the part of plaintiff or his attorney. During the succeeding term of court, some six months after the dismissal occurred (January 17; 1932), plaintiff's attorney learned of it. Instead of moving promptly to have the case reinstated he waited nearly four months, 110 days to be exact, before taking steps to that end. On May 6, 1932, he filed a suit in the nature of a bill of review praying for its reinstatement. No wrong doing on the part of defendants in the matter of the dismissal was alleged or claimed by plaintiff. A jury was empaneled to hear the case. Upon completion of plaintiff's evidence on the whole case the court instructed a verdict in favor of defendants.

The trial court, after entry of judgment in defendants' favor, filed, upon request of plaintiff, its findings of fact and conclusion of law. The material facts upon which the court acted in instructing the verdict and entering judgment for defendants, are, according to its findings, the facts above stated, together with those which may be deduced from the following testimony of plaintiff's attorney:

"Q. Well, you haven't told us of any reason why, when you learned of the dismissal, you did not file your suit to set it aside sooner—any reason for it; were you ill or in the hospital, or something?

"A. No sir, I was not in the hospital, I had other things that I was tending to that—unfortunately I am not able to do everything on the day I would like to do it; there were other things that I was tending to and I had a very definite—and still have a very definite—idea as to what the law is in regard to the time in which it is required to be filed.

\* \* \*

"Q. You thought that it was not necessary to file it at any time sooner than four years from July 10, 1931, didn't you?

"A. Yes, but still I did not wait the four years.

\* \* \*

"Q. You don't know, then, why it was that it was not filed sooner, precisely?

"A. No, except that I filed it as soon as I conveniently could.

"Q. As soon as it was convenient for you to do it?

"A. As soon as I conveniently could."

The trial court concluded as a matter of law, in effect, that plaintiff "was altogether lacking in diligence in seeking a reinstatement of the case \* \* \*."

Upon appeal by plaintiff the Court of Civil Appeals reversed and remanded the cause (123 S. W. (2d) 390) under the view that "since there were neither allegations nor proof of any injury" to defendants as a result of the delay in moving to reinstate the case, sufficient diligence was shown by plaintiff to warrant its reinstatement.

Writ of error was granted upon defendants' application, on the assignment urging that plaintiff, "having delayed, without explanation or excuse for a period of 110 days to seek reinstatement, is without equity and the court below properly directed a verdict against him."

■ The assignment is sustained. The cases cited by the Court of Civil Appeals in support of its holding do not determine the question here presented; that is, whether diligence on the part of a plaintiff in proceeding under Article 5529, R. S. 1925, to obtain relief from an order of dismissal for want of prosecution, discovered after expiration of the term of court at which entered, is an indispensable element of his procedure. They are cases in which the review sought has to do with setting aside a final judgment on the merits, usually predicated upon estoppel for fraud, or some other equitable consideration growing out of a wrongful judgment involving substantive rights; that is, some equitable ground that has wrought a change in the position of the parties. Certainly they are not decisive of the

precise question just stated. Nor does the case of Owen v. City of Eastland, 124 Texas 419, 78 S. W. (2d) 178, cited by plaintiff in supplemental argument herein support his contentions. It was a fact case in which there was evidence to support the trial court's findings upon the issues of fraud and limitations.

■■ It was not necessary for defendants to establish affirmatively that they were injured by a delay they did not cause. They were entitled at the hands of the court, as litigants, to as speedy a determination of the controversy between them and the plaintiff as was reasonably possible under all of the circumstances. Plaintiff owed to them as well as to the court, to the end it be not retarded from functioning properly, to act with reasonable diligence in moving to set aside the order of dismissal. The dismissal of the case for want of prosecution, even though without fault on the part of plaintiff, did not absolve him after its discovery, from diligence with respect to the future conduct of the litigation, for four years or for four months. As a supplicant in equity plaintiff owed the equitable duty to defendants, as well as an absolute duty to the court, to do nothing in the prosecution of his case that would impede the process of the court. In order to show himself entitled to have the order of dismissal set aside, he must have shown that he was reasonably diligent to seek a reinstatement of the case as soon as he learned it had been dismissed for want of prosecution. Osborn v. Younger (Com. App.), 235 S. W. 558.

It is apparent from the testimony set out above that counsel awaited his convenience in filing his petition, and that he did so under the belief that he had an absolute right for four years from the date of dismissal within which to move for a reinstatement of his cause. At any rate he points to no specific fact as a reason for not taking steps sooner to continue the prosecution of his cause.

■ We find in the record no evidence of diligence. The trial court correctly concluded that it appeared from the evidence that plaintiff was altogether lacking in diligence; and that the unexplained lapse of nearly four months between discovery of the dismissal and the filing of the suit to set it aside, required that the relief sought by way of a bill of review after such lapse, be denied. Otherwise an absolute right is recognized in plaintiff, upon the mere circumstance of his discovering after the expiration of the term the dismissal of his case for want of prosecution, to retain for four years after dismissal, and to thereafter pursue, any advantage thereby accruing to

596

him over his adversaries. The trial court's judgment for defendants is correct.

The Court of Civil Appeals erred in reversing and remanding the cause. Its judgment is reversed and that of the trial court is affirmed.

Opinion adopted by the Supreme Court November 27, 1940.

Rehearing overruled January 8, 1941.