## GARCIA et al. v. JONES et al.

### No. 10838.

Court of Civil Appeals of Texas. San Antonio.

Oct. 15, 1941.

Rehearing Denied Nov. 12, 1941.

See, also, Tex.Civ.App., 147 S.W.2d 925.

J. B. Lewright, Philip J. Montalbo, and R. G. Harris, all of San Antonio, for appellants.

Harold F. Thompson and Thompson, Knight, Harris, Wright & Weisberg, all of Dallas, Frank T. Morrill and Perkins & Floyd, both of Alice, and Harold A. Neuhaus and George Cannon, both of San Antonio, for appellees.

MURRAY, Justice.

This is a suit in the nature of a bill of review, seeking to set aside a judgment rendered on Dec. 1, 1934, in the District Court of Brooks County, Texas, in cause No. 429, styled Jose Vizcaya Prado v. Dr. Jose G. Garcia, et al. The petition for bill of review herein was filed on October 27, 1938, nearly four years subsequent to the date of rendition of the judgment sought to be set aside.

The bill alleges that the judgment was secured by fraud perpetrated upon Dr. Jose G. Garcia and the other appellants herein. It is shown that one of appellants, Manuel Garcia Hinojosa, discovered such fraud on Dec. 1, 1934, the day the judgment complained of was rendered, and the other appellants made such discovery approximately two months later, on February 1, 1935. No explanation, reason or excuse is alleged in the petition for the delay in filing the bill of review between the time the rendition of the judgment was discovered by appellants and the date the petition was filed.

The trial judge sustained a general demurrer and dismissed the petition for bill

of review and Dr. Jose G. Garcia, San Juana Garcia, Rita Garcia and Manuel Garcia Hinojosa have appealed.

It was not only necessary for appellants to show in their petition for a bill of review that the rendition of the judgment in cause No. 429 was procured by fraud, without any negligence on their part, and that they have a good offense or defense in connection with the cause of action, but they must go further and show that they acted with diligence in instituting their petition for bill of review after they discovered judgment had been rendered.

Where it appears, as it does in this case, that there was a lapse of time amounting to nearly four years from the rendition of the judgment, before the filing of the petition for bill of review, then such long delay must be explained and it must clearly appear that the delay was not the result of the lack of diligence on the part of the petitioners, otherwise such petition is fatally defective and should be dismissed. Myers v. Pickett, 81 Tex. 53, 16 S.W. 643; Williams v. Creighton, Tex. Civ.App., 147 S.W.2d 274; Osborne v. Younger, Tex.Com.App., 235 S.W. 558; Ruland v. Ley, 135 Tex. 591, 144 S.W.2d 883; Early v. Burns, Tex.Civ.App., 142 S.W.2d 260; Dunlap v. Villareal, Tex. Civ.App., 91 S.W.2d 1124; Warne v. Jackson, Tex.Civ.App., 273 S.W. 315; De Camp v. Bates, Tex.Civ.App., 37 S.W. 644; Missouri Pac. Railway Co. v. Haynes, 82 Tex. 448, 18 S.W. 605; McCauley v. Northern Texas Traction Co., Tex.Civ. App., 21 S.W.2d 309; Maytag Southwestern Co. v. Thornton, Tex.Civ.App., 20 S.W.2d 383; Bergstrom v. Kiel, 28 Tex.Civ.App. 532, 67 S.W. 781; Floyd v. Eggleston, Tex.Civ.App., 137 S.W.2d 182; Eddingston v. Allen, Tex.Civ.App., 126 S.W.2d 1008; Hacker v. Hacker, Tex. Civ.App., 110 S.W.2d 923; Bray v. First National Bank, Tex.Civ.App., 10 S.W.2d 235; City of Corpus Christi v. Flato, Tex. Civ.App., 83 S.W.2d 433.

Appellants contend all that is required is that they file their petition for bill of review within the four-year period prescribed by Art. 5529, Vernon's Ann. Civ.Stats. We do not agree with this contention. A petition for bill of review is not a suit at law but an equitable proceeding, which is not governed by the statute of limitation, Art. 5529, supra, but by the rule of equity relating to stale demands and laches. What was said in McLane v. San Antonio Nat. Bank, Tex.Civ. App., 68 S.W. 63, 66, might well be here repeated:

"We do not mean to hold, however, that a man can sleep on an equitable cause of action for nearly four years without using the proper diligence to discover the facts which create it, or after the discovery of such facts, and not be guilty of such laches as would bar its successful prosecution. In actions at law a man can repose in security upon the statute of limitations up to a moment before the time it would bar his action. But if his action is an equitable one, grounded on fraud or mistake, he must be up and doing, using reasonable diligence to discover the fraud or mistake which gives the right of action, and, when discovered, institute and prosecute his suit without unreasonable delay. Otherwise his remedy in equity will be cut off by his own laches."

There remains but one other question necessary to be discussed. On December 1, 1934, the date the original judgment was rendered, Genaro Madrigal, a party to the suit, was dead. He was alive when the suit was instituted but died before the judgment was rendered. Under such circumstances the judgment would only be voidable, and persons adversely affected by such judgment must act with diligence to have the judgment set aside or they will lose their equitable right to have same done and the judgment will become final. It is important that litigation be brought to a final conclusion and where a judgment is rendered it must be given finality after adjournment of the term or the happening of other events which will ordinarily make it a final judgment, unless those adversely affected act promptly and without undue delay to protect their rights. Best v. Nix, 6 Tex.Civ. App. 349, 25 S.W. 130; Holman v. G. A. Stowers Furniture Co., Tex.Civ.App., 30 S.W. 1120.

Furthermore, the heirs and legal representatives of Genaro Madrigal are in no way complaining because judgment was rendered against Madrigal after his death, and appellants here are in no position to raise such complaint for them. Musselman v. Strohl, 18 S.W. 857, 83 Tex. 473; Woolley v. Sullivan, 92 Tex. 28, 46 S.W. 629.

The judgment is affirmed.

**674**

### On Motion for Rehearing.

The correct date of the original judgment was December 1, 1934, and the original opinion will be changed so as to show the correct date of this judgment.

■ Appellants contend, in their motion for a rehearing, that inasmuch as New Court Rule No. 94 requires, among other things, that laches be affirmatively plead, we should give retroactive effect to this rule. We overrule this contention. New Rule No. 814 provides that "All things properly done under any previously existing rule or statutes prior to the taking effect of these rules shall be treated as valid." The trial court, under previously existing rules, properly sustained the general demurrer, and it would not now be just and feasible to give retroactive effect to Rule No. 94, in order to declare the sustaining of the general demurrer to be error.

The motion for a rehearing will be overruled.