**BUFFALOE v. BUFFALOE.**

No. 13857.

Court of Civil Appeals of Texas. Dallas.
March 5, 1948.
Rehearing Denied April 2, 1948.

Bonney, Paxton & Wade, of Dallas, for appellant.

Gallagher, Francis & Bean and H. B. Houston, all of Dallas, for appellee.

YOUNG, Justice.

The action below was in nature of a bill of review, seeking to set aside a decree

of divorce granted to appellant's then husband, Robert B. Buffaloe, on service by publication. The original judgment of divorce was rendered September 7, 1943, Robert B. Buffaloe marrying appellee immediately thereafter. He died January 6, 1945, before filing of the instant suit in which the second Mrs. Buffaloe is sole party defendant. Upon jury verdict, the court rendered a judgment that plaintiff take nothing, overruling her motion for judgment non obstante veredicto, with result of this appeal.

By this proceeding appellant seeks to establish herself as the lawful widow of deceased and thereby entitled to a government pension of $50 per month accruing to such widow by reason of the fact that Robert B. Buffaloe had been a veteran of World War I.

Appellant was residing at Nashville, Tennessee when the original petition for divorce was filed (July 22, 1943) and in her bill of review (filed May 23, 1946) charged falsity of affidavit for citation by publication, wherein petitioner Buffaloe had alleged that her place of residence was unknown to him; in trial amendment asserting a want of jurisdiction in the trial court to entertain the earlier suit for divorce, in that said Robert B. Buffaloe had not been an actual bona fide inhabitant of the State for twelve months, with six months residence in Dallas County prior to filing of his suit. Jury issues and answers were in substance: (1) That Mrs. Leona P. Buffaloe had failed to exercise ordinary care in not filing suit to set aside the divorce decree in cause No. 73,955-D, styled Robert B. Buffaloe v. Leona P. Buffaloe, prior to May 23, 1946; (2) that said plaintiff had learned of the original divorce decree in time to have, in exercise of ordinary care, filed her petition to set aside such divorce prior to September 7, 1945; (3) the affidavit of petitioner in cause No. 73,955-D to effect that the residence of Leona P. Buffaloe was unknown to him was not false; (4) Robert B. Buffaloe had not been an actual bona fide resident of Texas for one year, or a resident of Dallas County for six months prior to July 22, 1943; (5) Leona P. Buffaloe had been guilty of cruel treatment toward Robert B. Buffaloe prior to February 15, 1941, of such a nature as to render Robert B. Buffaloe's further living with plaintiff Leona P. Buffaloe insupportable.

Appellant testified to rumors as early as the summer of 1944 that there was a second Mrs. Buffaloe; learning of Buffaloe's death January 6, 1945, and in April 1945, of a purported divorce, and another wife making claim to pension; that she did not attempt to employ counsel until the spring of '45, securing Mr. Wade the following December; in the meanwhile corresponding "to get a lawyer that would take the case for the amount that I was able to raise." Explaining the delay between employment of Mr. Wade and filing of suit (May 1946), plaintiff said that she had to raise the money and was corresponding with her daughter "to decide what was best to do." Since the husband's death, appellant had been in constant touch with the Veterans Administration in Tennessee, seeking payment to her of the pension money, which demand was finally denied by VA in March 1946; this agency beginning payments to appellee in May 1946.

■ Appellant's three points of appeal have been duly considered and are overruled in the following general conclusions: First: Notwithstanding the lack of residential qualifications on part of petitioner Buffaloe in his 1943 suit for divorce, the deficiency was not jurisdictional; Aucutt v. Aucutt, 122 Tex. 518, 62 S.W.2d 77, 89 A.L.R. 1198. The ensuing decree was merely voidable; Mitchell v. Mitchell, Tex.Civ.App., 199 S.W.2d 699; and subject to attack in the original proceedings by motion for new trial filed within two years; Rule 329, Texas Rules of Civil Procedure, old Art. 2236, Vernon's Ann.Civ.St., or thereafter in an equitable proceeding, timely instituted for that purpose.

■ Second: In an equitable proceeding in nature of a bill of review to set aside judgment allegedly void or voidable, petitioner must show that he has a

meritorious defense to the original cause of action, of which he was deprived by fraud, accident, mistake or wrongful conduct of adverse party, unmixed with negligence or want of diligence on his part. Appellant does not question this well settled rule, but argues that lack of diligence or laches barring suit before expiration of the four-year statute of limitation, art. 5529, must involve a prejudice or disadvantage to defendant on account of the delay; and no such injury appearing in the undisputed evidence, the matter of plaintiff's diligence was a question of law for the court and not one of fact for the jury. Appellant's contention is best answered, we think, by Judge Taylor, speaking for the Supreme Court in Ruland v. Ley, 135 Tex. 591, 144 S.W.2d 883, 884, where, though the facts were somewhat different (judgment of dismissal for want of prosecution), the principle announced is equally applicable here. The court said: "It was not necessary for defendants to establish affirmatively that they were injured by a delay they did not cause. They were entitled at the hands of the court, as litigants, to as speedy a determination of the controversy between them and the plaintiff as was reasonably possible under all of the circumstances. Plaintiff owed to them as well as to the court, to the end it be not retarded from functioning properly, to act with reasonable diligence in moving to set aside the order of dismissal. The dismissal of the case for want of prosecution, even though without fault on the part of plaintiff, did not absolve him after its discovery, from diligence with respect to the future conduct of the litigation, for four years or for four months." See also Garcia v. Jones, Tex.Civ.App., 155 S.W.2d 671. As in Ruland v. Ley, appellant offered full explanation for the delay in bringing suit; her testimony, nevertheless, raising issues for the jury under the court's definition of "ordinary care."

Third: The jury finding under issue two was that appellant learned of the divorce decree of September 7, 1943, in time to have filed statutory motion for a new trial. Rule 329. Where a complaining defendant has notice of the adverse judgment within time for filing motion for new trial and prosecution of a direct appeal, he is not entitled as a general rule to invoke the court's equity power by bill of review; 25 T.J., p. 640.

The judgment under review is in all respects affirmed.