L. C. JOHNSON, Appellant,

v.

W. J. HANCOCK PAINT AND WALL-PAPER COMPANY, Appellee.

No. 16105.

Court of Civil Appeals of Texas.

Fort Worth.

May 20, 1960.

Rehearing Denied June 17, 1960.

Lambert & Russell and Pat Lambert, Jr., Fort Worth, for appellant.

Johnson & Johnson and Joe J. Johnson, Jr., Fort Worth, for appellee.

RENFRO, Justice.

On the 29th day of August, 1958, W. J. Hancock Paint and Wallpaper Company obtained a default judgment against L. C. Johnson. On November 24, 1958, Hancock Company applied for writ of garnishment against The Fort Worth National Bank to garnishee Johnson's bank account. On December 15, 1958, Johnson intervened and sought by Bill of Review to set aside the judgment of August 29. The jury found the necessary elements to entitle Johnson to judgment except for a finding that Johnson did not exercise diligence in bringing the Bill of Review. Based on said finding, the court entered judgment which denied Johnson the relief sought.

The question before us is whether Johnson had the burden of proving diligence in bringing the Bill of Review.

It is undisputed that Johnson learned of the judgment against him at least 54 days before he filed the Bill of Review.

The record does not reflect any reason for the delay or show any cause for not bringing the Bill of Review before he did.

Under the authority of Ruland v. Ley, Tex.Com.App., 135 Tex. 591, 144 S.W. 2d 883, 884, we believe the burden was on Johnson to show diligence and the court did not err in so placing the burden of proof in the issue submitted.

In the Ruland case the court held: "In order to show himself entitled to have the order of dismissal set aside, he must have *shown that he was reasonably diligent* to seek a reinstatement of the case as soon as he learned it had been dismissed for want of prosecution" (emphasis supplied), and further: "We find in the record no evidence of diligence. The trial court correctly concluded that it appeared from the evidence that plaintiff was altogether lacking in diligence; and that the unexplained lapse of nearly four months between discovery of the dismissal and the filing of the suit to set it aside, required that the relief sought by way of a bill of review after such lapse, be denied."

In Garcia v. Jones, 155 S.W.2d 671, 673, the San Antonio Court of Civil Appeals held: "It was not only necessary for appellants to show in their petition for a bill of review that the rendition of the judgment in cause No. 429 was procured by fraud, without any negligence on their part, and that they have a good offense or defense in connection with the cause of action, but they must go further and *show that they acted with diligence* in instituting their petition for bill of review after they discovered judgment had been rendered." (Emphasis supplied.) The above rule is also approved in Buffaloe v. Buffaloe, Tex.Civ.App., 210 S.W.2d 429.

In the Ruland case, supra, it was held not necessary for defendants to establish affirmatively that they were injured by a delay they did not cause. In the instant case no contention is made that Hancock Company did anything to cause Johnson to delay bringing his Bill of Review after he discovered judgment had been taken against him.

In view of the entire record we believe the issue of diligence was properly submitted to the jury, and we are bound by its finding.

■ Johnson contends certain exceptions to the issue concerning diligence should have been sustained. While the issue is somewhat awkwardly framed, we find no error such as would warrant a reversal under Rules 434 and 503, Texas Rules of Civil Procedure.

The judgment is affirmed.