Anna Dea McGLOTHING, Appellant,

v.

CACTUS PETROLEUM, INC., et al., Appellees.

No. 4396.

Court of Civil Appeals of Texas.

Waco.

Oct. 7, 1965.

Rehearing Denied Oct. 28, 1965.

Robert A. Rowland, Morgan Nesbitt, Austin, for appellant.

Conde N. Anderson, Victoria, Liddell, Austin, Dawson & Sapp, W. Robert Brown, Houston, J. P. Darrouzet, Austin, Linton S. Benge, Goliad, for appellees.

WILSON, Justice.

Summary judgment for defendant-appellees was rendered in appellant's bill of review proceeding seeking to vacate a 1961 judgment under which appellant was held to have no interest in production from wells on described lands under certain oil, gas and mineral leases. Appellant contends issues of material fact existed precluding summary judgment under Rule 166–A, Texas Rules of Civil Procedure. We affirm.

In 1959, Cactus Petroleum Corporation filed a bill of interpleader to determine ownership of oil production from two 40-acre tracts out of 406⅔ acres. Appellant promptly answered by general denial through counsel, and six months later filed amended pleadings through other attorneys. Appellant also filed a cross-action against one of her interpleaded co-defendants, Dingle, seeking to cancel a contract and royalty deeds. Dingle's plea of limitation to the cross-action was sustained, and no attack is made on that order.

In 1942 appellant owned the west 200 acres out of the 406⅔ acres in fee. She owned a life estate in the east 206⅔ acres, with remainder in her children. She executed an oil and gas lease to Brock, describing the entire 406⅔ acres, without reference to the life estate. This lease was assigned to Amerada Petroleum Corporation. In 1944 appellant executed two royalty deeds to Leveridge and Fairchild covering undivided ¼ and ½ interests respectively in the west 200 acres. These deeds recited the sales were "subject to" the oil and gas leases which described the entire 406⅔

acres, and recited the sale covered and included royalty "to be paid under the terms of" these leases. Thereafter appellant's children conveyed to her their remainder interest. The wells in question were located on the east 206⅔ acres.

After extended trial of the interpleader action the trial court concluded that by the rule in Hoffman v. Magnolia Petroleum Company, Tex.Com.App., 273 S.W. 828, appellees claiming under the royalty deeds were entitled to royalty from production on both the 200-acre west tract and the 206⅔ acre east tract. Judgment was rendered November 22, 1961 awarding their proportionate part of the production payments to appellees, and declaring that appellant owned no interest in production from the wells.

November 8, 1963 appellant filed her bill of review. In January, 1965 her amended trial pleading was filed. It alleged that the pleadings in the interpleader action "constituted a fraud upon the court" because its allegations as to the contents or effect of specified leases and royalty deeds were not in accord with the true facts; that attorneys representing appellant's co-defendants in that action defrauded the court by failing to introduce into evidence all recorded instruments affecting the title to the mineral estate after assuring the court they would do so; that they falsely represented production was under the Brock lease which covered the entire 406⅔ acres, in effect concealing the fact that the 206⅔ acres was a life-estate tract covered by a separate lease; that the form for judgment was sent to appellant November 20, 1961 and judgment was rendered two days later, giving appellant "no time to object" before it was entered; that the judgment disregarded a pooling unit, thereby making award to Dingle which would otherwise have gone to appellant. Other attacks on the judgment as it relates to Dingle will not be summarized, since his plea of limitation was sustained without complaint. It was asserted the judgment was void for various reasons which obviously do not result in invalidity.

Appellant also averred she was physically and mentally incapable of defending herself before and after trial; that she was worried by inability to retain an attorney; that she had consulted and sought to employ numerous attorneys; that she did not understand the trial was to be held when it was; that she was not represented by counsel at the trial, and answered that she was not ready for trial; that she sent to the district clerk a document containing arguments that the judgment rendered was erroneous, which the trial judge notified her would be considered as a motion in arrest of judgment; that she was not negligent; that she had a meritorious defense because she owned only a life estate in the 206⅔ acres when the royalty deeds were executed; that the court erroneously construed and applied the doctrine in the case of Hoffman v. Magnolia Petroleum Company; that appellees had signed a division order by which they disclaimed interest in the 206⅔ acres. Other relief not material here was prayed for.

Appellee Dingle's motion for summary judgment included an affidavit by the official court reporter who reported the interpleader proceeding, incorporating a certified transcription of the evidence and proceedings at the interpleader trial. Cactus Petroleum and other defendants adopted this motion and affidavit. Appellant's affidavit related difficulty with her attorneys over fee arrangements, her efforts to obtain other counsel during the next 10 months, her inability to retain attorneys because they all desired a contingent royalty interest as a fee; that she informed the trial judge she had no counsel and "understood him to say" the case would not be tried as set, but that the limitation plea only would be heard; that after the trial she took her files to an Austin attorney; that in November, 1961 she received a copy of the judgment, having previously received a copy of the judge's letter directing its preparation; that she was unable to consult the

Austin attorney because he was in the hospital, and his associate "told me to do nothing"; that she was ill during October and November, worrying about the lawsuit and illness of members of her family; that in December she was "too sick to think clearly," and didn't realize any action was necessary or that an appeal was required; that when the Brock lease was signed she did not own the fee to the 206⅔ acres, but only a life estate. Appellant's attorney made affidavit as to recorded instruments not offered in evidence at the interpleader trial. The motions for summary judgment of appellees were granted.

Appellant contends issues of fact existed as to the fraud asserted, as to appellees' counsel having prevented a fair submission of the issues to the court in the interpleader trial, as to her diligence and freedom from negligence "in failing to present her defense" and in failing to perfect appeal, as to whether she had a meritorious defense, as to whether she was misled, as to whether the judgment was rendered "by mistake caused by the actions of the opposing parties," and as to whether the judgment "should be voided as having divested appellant of an interest in land not pleaded for."

■ The record presented to us includes a "transcript" which contains numerous pleadings, motions and orders in the original interpleader action. Neither sworn nor certified copies of these were attached to any of the motions for summary judgment. Appellant and appellees make frequent references to these. Even though constituting records of the same court, they could not be considered by the trial court, and may not be considered by us in connection with motions for summary judgment. Gardner v. Martin, 162 Tex. 156, 345 S.W. 2d 274, 275. We sustain appellant's motion to tax cost of including these instruments in the transcript against appellees. The record is adequate, nevertheless, to enable us to pass on the propriety of the summary judgment as against appellant's contentions.

Appellant's position, in large measure, is that the court on the interpleader trial misconstrued and misapplied the Hoffman doctrine in determining what acreage was covered by the two royalty deeds, and that if the trial court had known there were two leases rather than one as she says was represented to the court, the judgment against her would not have been rendered. The lease introduced covered 406⅔ acres. The second lease was from the remaindermen to the east 206⅔ acres. The second lease could not have affected the result. Additional instruments, not introduced in the interpleader hearing would not have affected the propriety of that judgment.

■ A judicial error is not ground for vacating a judgment by equitable bill of review. Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040, 1042; Fischer v. Huffman, Tex. Civ.App., 254 S.W.2d 878; Metropolitan Life Ins. Co. v. Pribble, Tex.Civ.App., 130 S.W.2d 332, 338, writ refused.

It is insisted that appellant was diligent and free from negligence in failing to present her defense to the court. The record shows the defense related to the fact that when she executed an instrument purporting to cover the entire 406⅔ acres, appellant owned the fee to only the west 200 acres, having a life estate only in the other 206⅔ acres, covered by another lease. She was not prevented from presenting this defense, but repeatedly and clearly urged it, and the court's questions and comments at the trial establish that it was understood and considered.

■ As to appellant's diligence, the interpleader trial was concluded on October 23, 1961. The judge took the case under advisement until November 6, and notified appellant on November 7 that he was directing judgment to be prepared, in effect applying the Hoffman case doctrine, under which she would not be entitled to an interest in royalties. On November 21 she received a copy of the judgment. "She did not receive actual notice that the judge had signed this

judgment, and did not have such knowledge until after the time for appeal had expired." Judgment was signed November 22, and appellant alleged she "had no time to object." On December 13 she sent a document to the clerk and the judge styled "Objections to the form of final judgment." About December 22 the judge wrote her he "was treating her pleading as a motion in arrest of judgment." She pleaded she "thought the judgment had been arrested." Her bill of review was filed November 8, 1963—two years, lacking 12 days, after judgment. Appellant's activities concerning her attempted employment of counsel for over two years while the interpleader action was pending have already been narrated. The trial judge in the interpleader action cautioned appellant she needed an attorney, and offered to assist her in retaining counsel. His advice went unheeded and his offer was declined. In our opinion such reasonable diligence as is required for interposition of equity is shown not to exist, and laches precluded the relief sought. Ruland v. Ley, 135 Tex. 591, 144 S.W.2d 883; Johnson v. Potter, Tex.Civ.App., 384 S.W.2d 747. Appellant's points are overruled. Affirmed.