**Ramon W. CALLAWAY, Appellant,**

v.

**Loreta ELLIOTT et vir, Appellees.**

**No. 419.**

Court of Civil Appeals of Texas.

Tyler.

April 10, 1969.

Rehearing Denied May 1, 1969.

Sallas, Griffith & Meriwether, Gus E. Meriwether, Crockett, for appellant.

Adams, Granberry & Hines, F. P. Granberry, Crockett, for appellees.

MOORE, Justice.

Appellant, Ramon W. Callaway, filed suit against appellee, Loreta Elliott, his former wife, for bill of review seeking to modify a previous divorce decree with respect to the division of the community property. The trial court granted appellees, Loreta Elliott and husband, Kenneth C. Elliott, a summary judgment and appellant, Ramon W. Callaway, perfected this appeal.

A brief history of the previous litigation between the parties will be necessary.

The litigation commenced on September 14, 1961, when Ramon W. Callaway filed suit against Loreta Callaway for divorce and a division of the community property in the District Court of Houston County, in Cause No. 13,606. Judgment of divorce and the division of the community property was entered on May 28, 1962. The judgment recited, in part, as follows:

"* * * Plaintiff and Defendant and their attorneys announced in open court that an agreement for settlement of the respective property rights of Plaintiff and Defendant had been agreed upon and the said agreement as follows was submitted to the Court for approval:

"These parties agreed that Defendant have as her part and share of all of the community property belonging to Plaintiff and Defendant: * * * the home of Plaintiff and Defendant situated in the City of Crockett in Houston County, Texas, on North 7th Street, described in a Deed of Trust given by Ramon W. Callaway and Loreta Callaway to J. G. Beasley, Trustee, to secure the payment of a Promissory note described in said Deed of Trust, which is dated the 20th day of December, 1948, and recorded in Book 51 at page 219 of the Deed of Trust Records of Houston County, Texas. * * *"

The judgment further recited that the agreement of the parties in settlement of their property rights was approved by the court and that Ramon W. Callaway was to execute a deed vesting title in Loreta Callaway to the foregoing property awarded her. No complaint was made of the judgment by either party and the judgment became final.

The deed of trust referred to in the foregoing judgment contains a metes and bounds description of a rectangular tract of land containing approximately three-fourths of an acre. It is without dispute that the home is situated on the south half thereof.

Subsequently, on October 9, 1962, Ramon W. Callaway conveyed to Loreta Callaway the south half of the three-quarter acre tract containing the home, but refused to convey to her the north half of the tract, maintaining that it was his separate property and that he had not agreed to the judgment awarding her the entire tract.

On November 6, 1964, Loreta Elliott nee Callaway filed suit against Ramon W. Callaway in the District Court of Houston County under Cause No. 8966 seeking to enforce the terms of the previous divorce decree in Cause No. 13,606, praying for judgment for the north half of the three-quarter acre tract. Ramon W. Callaway answered the suit denying generally the allegations of the petition and specially denying that he had agreed to the judgment awarding her the north one-half of the property. He did not allege, however, that such judgment was void by reason of fraud, accident or mistake, nor did he seek any other type of affirmative relief. That suit resulted in a summary judgment in favor of Loreta Elliott nee Callaway dated April 12, 1965, awarding her the entire three-quarter acre tract described in the deed of trust and divested Ramon W. Callaway of all title thereto. Ramon W. Callaway perfected an appeal to this court. We affirmed the judgment of the trial court on the ground that the appellant's attack upon the judgment amounted to nothing more than collateral attack and the judgment not being void, appellant was not

entitled to any relief. Callaway v. Elliott, (Tex.Civ.App.) 396 S.W.2d 242, dismissed.

On April 19, 1966, Ramon W. Callaway filed the present suit upon which this appeal is predicated. As stated, appellant brought the present suit in the form of a bill of review, seeking to change and modify the provisions of the former divorce decree in Cause No. 13,606. In substance, he alleged that the previous judgment granting Loreta Callaway the entire three-quarter acre tract was erroneous in that it did not reflect the true agreement of the parties. He alleges that under the agreement, Mrs. Callaway was to have the south one-half, including the home, and he was to have the north one-half, and that as a result of a mutual mistake between the parties, the judgment erroneously awarded her the entire three-quarter acre tract. Fraud was not alleged. His prayer was that judgment in Cause No. 13,606 be set aside and that judgment be reformed in accordance with the agreement of the parties awarding him the north half of the three-quarter acre tract and awarding appellee the south one-half of said tract.

Appellees answered with a general denial and affirmatively asserted that (1) appellant was guilty of laches and negligence in failing to file his petition for bill of review until April 19, 1966 seeking to re-open the judgment in Cause No. 13,606 dated May 28, 1962, and (2) the judgment in Cause No. 8966 is res judicata in the present suit because appellant is now seeking to litigate a defense which, by the use of reasonable diligence, could have been litigated in Cause No. 8966. Based on these defenses, appellees filed a motion for summary judgment asserting that no genuine issue of fact remained to be determined and that appellees were entitled to judgment as a matter of law. Appellant resisted the motion by filing a controverting affidavit asserting that under the agreement he was to have the north half of the property and *Loreta Elliott* was to have the south half of the property and that as a result of a mutual mistake, the judgment did not re-

flect the agreement of the parties and was therefore erroneous.

After a hearing, the trial court granted appellees, Loreta Elliott and husband, Kenneth C. Elliott, a motion for summary judgment and denied appellant any relief, from which judgment he duly perfected this appeal.

The record shows without dispute that almost four years elapsed between the date of the original divorce decree and the time appellant filed his petition for bill of review.

■ Appellees' motion for summary judgment alleging laches had the effect of casting the burden upon appellant to come forward with opposing evidentiary data showing due diligence and lack of negligence, or at least to show that a genuine issue of fact was created thereon. McDonald, Texas Civil Practice, Vol. 4, Sec. 17.26.3. Nowhere in appellant's petition does he allege that he acted with diligence. Nor does his petition show he made a motion for new trial in Cause No. 13,606, or allege any excuse for his failure to request relief from the divorce decree by filing such motion. Furthermore, appellant's petition fails to allege any excuse for the long delay in filing his bill of review. His affidavit in response to the motion for summary judgment fails to show any explanation, reason, or excuse for his failure to file a motion for new trial, nor does it contain any explanation or excuse for his long delay in filing the present suit.

■ The authorities are numerous to the effect that the petitioner on bill of review must show, not only that the rendition of the judgment against which he seeks relief was brought about by fraud, accident or mistake, without negligence on his part, and that he had a meritorious defense, but he must go further and show that he had not been guilty of negligence in failing to avail himself of any means to set the judgment aside, or to arrest or vacate it or in seeking relief by bill of re-

view. 22 Tex.Jur.2d 572, Sec. 30; Garcia v. Jones, (Tex.Civ.App.) 155 S.W.2d 671; American Spiritualist Ass'n v. City of Dallas, (Tex.Civ.App.) 366 S.W.2d 97. It is fundamental on bill of review that petitioner must allege and prove a clear case of diligence and merit to obtain the interference of a court of equity. Johnson v. Templeton, Adm'r., 60 Tex. 238; Smith v. Ferrell, (Tex.Com.App.) 44 S.W.2d 962; McDonald, Texas Civil Practice, Vol. 4, page 1499, Sec. 18.27; 34 Tex.Jur.2d 98, Sec. 229.

 While we recognize the rule that in summary judgment proceedings all doubts as to the existence of a genuine issue as to a material fact must be resolved against the movant, the facts showing lack of diligence are undisputed. Consequently, we have concluded that the record shows laches on the part of the appellant as a matter of law for the following reasons.

 In the first place, it is without dispute that appellant made no effort to obtain relief from the divorce decree by filing a motion for new trial. Nowhere in his petition or in his reply to the motion for summary judgment does he offer any excuse for failing to seek such relief. According to the well established rule, before a litigant can successfully invoke a bill of review to set aside a judgment, he must allege and prove a valid excuse for not obtaining relief by a motion for new trial. Gehret v. Hetkes, (Tex.Com.App.) 36 S.W.2d 700; Whittinghill v. Oliver, (Tex.Civ.App.) 38 S.W.2d 896; Donovan v. Young, (Tex.Civ.App.) 127 S.W.2d 517; Dixon v. McNabb, (Tex.Civ.App.) 173 S.W.2d 228. A bill of review may not take the place of a new trial.

In the second place, appellant wholly failed to plead or prove that he exercised due diligence in bringing his suit for bill of review. Nowhere in his petition or in his reply to the motion for summary judgment does he attempt to excuse his delay of almost four years.

 Where it appears, as it does in this case, that there was a lapse of time amounting to nearly four years from the rendition of the judgment, before the filing of the petition for bill of review, then such long delay must be explained and it must clearly appear that the delay was not the result of the lack of diligence on the part of petitioner. Otherwise, his remedy in equity will be cut off by his own laches. McLane v. San Antonio Nat. Bank, (Tex.Civ.App.) 68 S.W. 63; Osborn v. Younger, (Tex.Com.App.) 235 S.W. 558; Ruland v. Ley, (Tex.Com.App.) 135 Tex. 591, 144 S.W.2d 883; Garcia v. Jones, supra; McGlothing v. Cactus Petroleum, Inc., (Tex.Civ.App.) 394 S.W.2d 955. Since appellant failed to explain the long delay in filing suit, we think his lack of diligence is established as a matter of law.

 We are of the further opinion that the summary judgment must be sustained upon the ground that the judgment in Cause No. 8966 is res judicata to the relief sought in the present suit. The basis of the cause of action asserted by the appellees in Cause No. 8966 was for the enforcement of the terms of the original divorce decree in Cause No. 13,606 granting appellee all of the three-quarter acre tract of land. In that suit appellees took the position that the divorce decree was a valid, subsisting judgment and that they were entitled to have the same enforced. Thus, the question of the validity of the judgment in Cause No. 13,606 was before the court in Cause No. 8966. Although appellant appeared and answered in Cause No. 8966, he wholly failed to take steps to obtain relief from the judgment, which he now says was void. As pointed out in our opinion in that cause, he suffered judgment to go against him without filing a cross-action or making any effort to vacate, modify or reform the divorce decree.

 The rule of res judicata in Texas bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been tried

in a former trial, as well as those which were actually tried. Rule 97(a), Texas Rules of Civil Procedure; Ogletree v. Crates, Tex., 363 S.W.2d 431; Cannon v. Hemphill, 7 Tex. 184; Thomson v. Philips, (Tex.Civ.App.) 347 S.W.2d 832; Ladd v. Ladd, (Tex.Civ.App.) 402 S.W.2d 940. It cannot be denied that the validity of the previous divorce decree could have been litigated, in Cause No. 8966, wherein appellees specifically sought to enforce the provisions thereof.

Applying the foregoing rules to the facts adduced upon the motion for summary judgment, we are of the opinion that no genuine issue of material fact remained to be determined by a trial on the merits.

Accordingly, the judgment of the trial court is affirmed.