

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-14-00382-CV

LEVONNE MARIE KUKUK          APPELLANT

V.

TIMOTHY KUKUK          APPELLEE

----------

FROM COUNTY COURT AT LAW NO. 2 OF PARKER COUNTY
TRIAL COURT NO. CIV-14-0200

----------

## MEMORANDUM OPINION[1]

----------

Appellant Levonne Marie Kukuk appeals the trial court's order denying her petition for bill of review. We will affirm.

Appellant and Appellee Timothy Kukuk divorced sometime in the late 1990s. On January 23, 2009, in an effort to modify the terms of custody and child support, Appellee filed a motion for enforcement, clarification, and

---

[1]*See* Tex. R. App. P. 47.4.

modification of prior order for child support and for possession or access and to reduce to judgment medical arrearages and enforce and reduce to judgment dependency exemption allowances. In October 2009, Appellant was contacted by Appellee's counsel, requesting to set a date for a hearing on this motion. By this time, Appellant's counsel had withdrawn from the case and Appellant was representing herself pro se.

Appellant became aware of the January 14, 2010 hearing after speaking with Appellee on the phone seven days before the hearing was set to occur. However, at the hearing, Appellee's counsel claimed to have sent a notice letter containing information about the hearing by certified mail to Appellant on November 15, 2009. Appellant claims the October 2009 letter was the last correspondence she received regarding the hearing until receiving the final judgment, which was signed on March 10, 2010.

Appellant claims that she was first made aware of the hearing when she discussed it with Appellee on the phone. Further, she claims that in an effort to delay proceedings, she sent a motion for continuance and a personal letter to the trial court the day after her conversation with Appellee. Appellant did not hear anything else regarding the hearing until she received a final judgment shortly after March 10, 2010. She did not pursue a motion for new trial, appeal, or other remedy until filing a petition for bill of review on March 7, 2014.

In three issues, Appellant argues that the evidence is legally insufficient to show that she received sufficient notice of the January 14, 2010 hearing and that

the evidence is legally and factually insufficient to support the trial court's denial of her petition for bill of review.

In our due process review of the evidence, we will determine whether the trial court's denial of Appellant's bill of review constituted an abuse of discretion. A trial court abuses its discretion if the court acts without reference to any guiding rules or principles, that is, if the act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). An appellate court cannot conclude that a trial court abused its discretion merely because the appellate court would have ruled differently in the same circumstances. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *see also Low*, 221 S.W.3d at 620.

A trial court also abuses its discretion by ruling without supporting evidence. *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). But an abuse of discretion does not occur when the trial court bases its decision on conflicting evidence and some evidence of substantive and probative character supports its decision. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009); *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002) (op. on reh'g).

A bill of review allows a party to challenge a judgment after the time for filing a motion for new trial or an appeal has expired. *Valdez v. Hollenbeck*, No. 13-0709, 2015 WL 3640887, at *1 (Tex. June 12, 2015). Although it is an equitable proceeding, the fact that an injustice has occurred is not sufficient to justify relief by bill of review. *Wembley Inv., Co. v. Herrera*, 11 S.W.3d 924, 927

3

(Tex. 1999) (citing *Alexander v. Hagedorn*, 226 S.W.2d 996, 998 (Tex. 1950)). Courts narrowly construe the grounds on which a plaintiff may obtain a bill of review due to Texas's fundamental public policy favoring the finality of judgments. *Mabon Ltd. v. Afri-Carib Enterprises, Inc.*, 369 S.W.3d 809, 812 (Tex. 2012) (citing *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003); *Alexander*, 226 S.W.2d at 998. A person is not entitled to relief by bill of review unless he has exhausted all other remedies available at the time the bill is filed. *See Gold v. Gold*, 145 S.W.3d 212, 214 (Tex. 2004); *Wembley*, 11 S.W.3d at 927; *Rizk v. Mayad*, 603 S.W.2d 773, 775 (Tex. 1980). If a party allows a judgment to become final by neglecting to file a motion for new trial, appeal, or appeal by writ of error, then the party is precluded from proceeding on a petition for bill of review unless the complaint shows a good excuse for the party's failure to exhaust adequate legal remedies. *Rundle v. Comm'n for Lawyer Discipline*, 1 S.W.3d 209, 216 (Tex. App.—Amarillo 1999, no pet.); *see Gold*, 145 S.W.3d at 214.

Here, the trial court did not abuse its discretion by denying Appellant's bill of review because Appellant failed to exhaust all available legal remedies beforehand.[2] Appellant became aware of the March 10, 2010 final judgment

---

[2]Appellee argues alternatively that the bill of review was barred by limitations because the judgment was rendered more than four years before Appellant filed the petition. This argument is unpersuasive, however, because the statute of limitations did not begin to run until the date the judgment was signed, which was on March 10, 2010. *See* Tex. R. Civ. P. 306a.

shortly after it was signed—at the latest, sometime in March 2010. Appellant thus became aware of the judgment soon enough after it was signed to have filed a motion for new trial or a direct appeal. *See* Tex. R. Civ. P. 329b(a) ("A motion for new trial, if filed, shall be filed prior to or within thirty days after the judgment or other order complained of is signed."); Tex. R. App. P. 26.1(a), (b) (expressing that an appellant can appeal up to thirty days after the final judgment is signed, or ninety days if the party timely files a motion for new trial, a motion to modify the judgment, a motion to reinstate, or a request for findings of fact and conclusions of law). However, Appellant failed to pursue any other legal remedies until filing a bill of review almost four years later.

When asked why she waited so long to act, Appellant explained that she was unwilling to seek any legal remedy other than a bill of review and, for that reason, she had difficulty obtaining counsel. However, an unwillingness to utilize alternate legal remedies is no excuse for failing to exhaust all available means of review. *See Johnson v. W.J. Hancock Paint & Wallpaper Co.*, 336 S.W.2d 468, 469 (Tex. Civ. App.—Fort Worth 1960, writ ref'd n.r.e.) (holding that an unexplained delay of fifty-four days demonstrated lack of due diligence when appellant had the ability to pursue other legal remedies); *see Ruland v. Ley*, 144 S.W.2d 883, 884–85 (Tex. 1939) (holding that a four-month delay between discovery of the judgment and the filing of the bill of review demonstrated lack of due diligence when appellant failed to take alternate action due to inconvenience).

5

Appellant directs us to *Caldwell v. Barnes*, arguing, "Even if the individual becomes aware of the proceedings, he or she has no duty to participate in them without proper service of process, and is also not at fault for failing to answer." 975 S.W.2d 535, 537–38 (Tex. 1998). Our case is distinguishable from *Caldwell*, however, because the appellant in *Caldwell* did not become aware of the judgment until after other legal remedies had already expired. *See id.* ("Barnes does not argue that Caldwell failed to use diligence in pursuing legal remedies under Texas law because . . . no legal remedies remained available to him."). Appellant had other means of attacking the judgment available to her, but she consciously chose to disregard them in order to file a bill of review.

Because Appellant failed to use due diligence in challenging the March 10, 2010 judgment, the trial court's decision was not arbitrary or unreasonable. *See Low*, 221 S.W.3d at 614; *Cire*, 134 S.W.3d at 838–39; *see also Gold*, 145 S.W.3d at 214; *Wembley*, 11 S.W.3d at 927; *Rizk*, 603 S.W.2d at 775. For this reason, the trial court did not abuse its discretion by denying her bill of review. Accordingly, we overrule Appellant's issues and affirm the trial court's order denying the petition for bill of review.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and MEIER, JJ.

DAUPHINOT, J., concurs without opinion.

DELIVERED: July 23, 2015